## GEORGIA B. THRIFT *vs.* FREDERICK W. THRIFT.

### MAY 18, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Divorce. Exceptions. Motion for New Trial in Cause Heard Without Jury.*

C. P. A., § 483 (now Gen. Laws, 1909, cap. 298, § 10), provides that exceptions to a decision upon a motion for a new trial or to the final decision in a cause heard by the court without a jury may be taken within seven days after notice of the decision.

C. P. A., § 486 (now Gen. Laws, 1909, cap. 298, § 13), provides that within seven days after notice of decision on the merits in any action heard by the court without a jury a party may file a motion for new trial for newly discovered evidence.

In a divorce petition, decision was entered April 30; a motion for new trial was filed May 6 and denied June 5, and June 11 respondent gave notice of exceptions to the action of the trial justice in denying such motion for new trial:—

*Held*, that, as such motion for new trial could only be filed on the ground of newly discovered evidence, not being based on that ground, and the period of seven days required by section 483, C. P. A., having expired, the exceptions were a nullity.

PETITION FOR DIVORCE. Heard on motion to dismiss respondent's exceptions, and granted.

BLODGETT, J. After the proceedings heretofore had in this cause, and reported in 30 R. I. 357, the petitioner has raised the question of jurisdiction in this court to entertain the respondent's bill of exceptions, alleging a failure to comply with the requirements of section 483, C. P. A. (now Gen. Laws, 1909, cap. 298, § 10), which is as follows: "SEC. 483. Exceptions to rulings, directions, and decisions made during a hearing in a cause heard by the court without a jury or during a trial by a jury shall be taken immediately. Exceptions to a decision upon a motion for a new trial or to the final decision in a cause heard by the court without a jury may be taken by filing the same in the office of the clerk within seven days after notice of the decision."

An examination of the record shows that the decision in this cause, granting the prayer of the petitioner, was entered on April 30, 1909; that a motion for a new trial was filed on May 6, 1909, which was heard and denied on June 5, 1909; and that the notice of the exceptions now before the court was given on June 11, 1909, and that such exceptions are to the action of the trial justice in denying such motion for a new trial.

It is urged by the petitioner that a motion for a new trial in a cause heard by the superior court without a jury can only be filed, under the provisions of section 486, C. P. A. (now Gen. Laws, 1909, cap. 298, § 13), upon the ground of newly discovered evidence as therein provided: "SEC. 486. Within seven days after notice of decision on the merits in any action or appeal heard by the Superior Court without a jury, any person or party entitled to except may file in the office of the clerk of said court a motion for a new trial for newly discovered evidence. After hearing the parties the court may grant a new trial, with or without terms."

It is further contended that, except for the special ground of newly discovered evidence, there is no jurisdiction in the Superior Court to entertain a motion in such a case for a new trial, and that the procedure required by section 483, C. P. A., *supra*, must be observed in order to give jurisdiction to this court to entertain and determine the question presented by a

bill of exceptions. An examination of the record shows that the motion for a new trial was not based upon newly discovered evidence, and it is plain that the statutory period of seven days required by section 483, C. P. A., *supra*, after the decision in the cause entered on April 30, 1909, had long since elapsed even before the giving of notice of the taking of exceptions on June 11, 1909.

Such exceptions being based on a motion for a new trial which the statute does not authorize the Superior Court to entertain on the grounds therein contained, present no question which this court has jurisdiction to determine, and are a mere nullity.

The respondent, on October 29, 1909, also filed his petition in this court for leave to file a motion for a new trial on the ground of newly discovered evidence, under the provisions of section 473, C. P. A. (now Gen. Laws of 1909, cap. 297, § 3). An examination of the affidavits filed in support of the petition does not convince us "that justice requires a revision of the case," as required by the statute, and the petition is accordingly denied and dismissed.

For the reasons above given, the bill of exceptions is dismissed, and the cause is remitted to the Superior Court for the entry of a decree for the petitioner upon its decision heretofore rendered on April 30, 1909.

*Tillinghast & Collins, Charles R. Easton,* for petitioner.

*Bassett & Raymond,* for respondent.

*R. W. Richmond,* of counsel.