331 A.2d 395.

RALPH C. IZZO *vs.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

JANUARY 30, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. The plaintiff brought this action against the defendant in the Superior Court to recover sums allegedly due him under two policies of insurance issued by the defendant. The case was tried before a jury and at the close of all the evidence, the defendant moved for a directed verdict. The court granted the motion and entered judgment for the defendant on June 5, 1973.

On June 13, 1973, plaintiff filed a motion for a new trial on the ground that the court had committed errors of law in granting defendant's motion for a directed verdict. At a hearing on June 28, 1973, the Superior Court declined to entertain the motion for the reason that alleged errors of law provide no basis for a motion for a new trial following a directed verdict. The trial justice held that the motion was improper procedurally and that the proper procedure was by way of appeal to this court.

On the same day, plaintiff filed his notice of appeal from the judgment entered on June 5, 1973. On July 9, 1973, defendant filed its motion to strike the notice of appeal on the ground that it was not filed within the 20 days permitted by Super. R. Civ. P. 73.[1] Subsequently, on July 17, 1973, plaintiff filed a second notice of appeal, this time from the refusal of the Superior Court to entertain his motion for a new trial on June 28, 1973. On July 19, 1973, defendant filed a motion to strike plaintiff's second notice of appeal, on the same ground as its first motion to strike.

On July 28, 1973, after a hearing, the trial justice granted defendant's motions.

---

[1] Effective September 1, 1972, Super. R. Civ. P. 73 was superseded. The above subject matter of Rule 73 is now covered in Sup. Ct. R. 4. The correct rule will be cited where applicable.

The plaintiff appealed to this court and raises two issues:

1. Was the ruling of the trial justice in granting defendant's motions to strike plaintiff's notices of appeal reversible error?
2. Was plaintiff entitled to relief from the provisions governing appeal on the ground of excusable neglect?

I

The time permitted for the filing of a notice of appeal under our Rule 4(a) is the same as that permitted under former Rule 73. Rule 4(a) states in pertinent part that the notice of appeal shall be filed with the clerk of the trial court "* * * within 20 days of the date of the entry of the judgment, order, or decree appealed from." The plaintiff filed his appeal 23 days after the entry of judgment. Also comparable to Rule 73 is the provision of Rule 4(a) which states in pertinent part:

> "The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the Superior Court by any party pursuant to the Rules of Civil Procedure of the Superior Court hereafter enumerated in this sentence * * * and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of any of the following orders * * * (1) granting or denying a reserve motion under Rule 50(b); (2) granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) granting or denying a motion under Rule 59 to alter or amend the judgment; or (4) granting or denying a motion for a new trial under Rule 59."

The plaintiff filed a motion under Super. R. Civ. P. 59(a) in order to terminate the running of the time for appeal.

The plaintiff without question filed a timely motion for a new trial under Rule 59(a). The point in controversy

between the parties is whether the movant must comply with the terms which govern the proper invocation of the pertinent rule, in this case Rule 59(a). The plaintiff asserts that he need only make a *timely* motion. The defendant counterargues that plaintiff must comply with the grounds set forth in Rule 59(a) as well as with the timeliness provision. We agree with defendant that a fair reading of Rule 4(a) requires the motion to be in accordance with the full terms governing the use of the motion. While we know of conflicting federal case law which splits on the question of whether defective motions will terminate the running of the time of appeal, *Fine* v. *Paramount Pictures, Inc.*, 181 F.2d 300 (7th Cir. 1950). *Contra, Yanow* v. *Weyerhaeuser Steamship Co.*, 274 F.2d 274 (9th Cir. 1959), there is yet no federal case law or Rhode Island case law which holds that a void motion will toll or will not toll the time of appeal.[2]

In the instant case, the plaintiff made a void motion under Rule 59(a) which states:

> "Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of this state. On a motion for a new trial in an action tried without a jury the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

The plaintiff urges that the trial in the Superior Court, while nominally a jury trial, was rather more akin to a

---

[2]Sup. Ct. R. 4 follows closely Fed. R. App. P. 4.

trial by a justice sitting without a jury because of the directed verdict at the close of all the evidence. Consequently, he concludes that the section to be applied to the case at bar is Rule 59(a)(2). We reject this contention. The trial does not lose its character as a jury trial where the trial justice intervenes to exercise his authority under Super. R. Civ. P. 50. Thus, the instant case is governed by Rule 59(a)(1).

That section provides that a motion for a new trial following a jury trial may be granted "* * * for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state * * *." An examination of common law and statutory law shows that a motion for a new trial is improper following a directed verdict.

The law with respect to motions for a new trial was formerly governed by G. L. 1956, §9-23-1, which had its origin in the Court and Practice Act of 1905, §485. Section 9-23-1 was repealed by P. L. 1972, ch. 169, §9. No successor provision was enacted by the state Legislature. With its repeal the grounds for a new trial are now determined solely by the common law and Rule 59(a).

General Laws 1956, §9-23-1 formerly stated in part:

> "Except as otherwise provided by applicable procedural rules, within seven (7) days after verdict any person or party, entitled to except or appeal in a cause or proceeding tried by a jury in the superior court, may file in the office of the clerk of said court a motion for a new trial for any reason for which a new trial is usually granted at common law, other than error of law occurring at the trial. Such motion shall state the grounds relied upon in its support."

The repeal of the aforementioned statute did not alter the common law in Rhode Island regarding motions for a new trial. The specific exception to the statute, that is, error of law, was a codification of the common law which

required a party to appeal or present exceptions to an appellate court. *See* 66 C.J.S. *New Trial* §3 at 68 et seq. (1950).

We have reviewed the Rhode Island law on this point but have found no cases prior to the passage of the Court and Practice Act of 1905 which would provide direct support. The case of *Reid* v. *Rhode Island Co.*, 28 R. I. 321, 67 A. 328 (1907) supports our belief that the passage of the Court and Practice Act of 1905 did not change the common law with respect to errors of law being reviewable on a motion for a new trial. In that case, the defendant requested special findings from the jury. The jury returned a verdict for the plaintiff, but said it was unable to answer the special findings that had been requested. The court accepted the jury's verdict. The defendant filed a motion for a new trial, alleging as one of his grounds that the verdict was not a sufficient verdict in law because the jury had failed to answer the special findings that he had submitted. The Supreme Court, however, said that this was not a proper subject for a motion for a new trial in that the trial court had accepted the verdict and such acceptance, if improper, was an error of law reviewable only on a bill of exceptions. In making this ruling, the court did not cite the Court and Practice Act, passed two years before, as authority for its decision, thus indicating there was no departure from the common law as practiced before the enactment of the statute. The plaintiff's motion for a new trial in the case at bar sets forth the ground:

"* * * that the Court committed errors of law in granting the defendant's motion for a directed verdict."

The trial justice correctly refused to entertain the motion for a new trial following a directed verdict because such a motion cannot be made to review alleged errors of law. Hence, since the motion for a directed verdict is

one in which the trial justice rules on the case solely as a matter of law, he had no authority under Rule 59 to correct his own errors.

The defendant cites *Thrift* v. *Thrift*, 30 R. I. 456, 76 A. 105 (1910). In that case, the statute in question provided that exceptions to a decision upon a motion for a new trial may be taken by filing the exceptions within 7 days after notice of the decision. The petitioner there filed a motion for a new trial, but she did not file it on the ground of newly discovered evidence, the only ground permitted by statute then in effect in nonjury cases. Subsequent thereto, the motion was heard and denied, from which decision the petitioner timely filed a bill of exceptions. The respondent argued to the Supreme Court that there had been no jurisdiction in the lower court to entertain a motion for a new trial on the ground presented, and that therefore the time for filing the bill of exceptions could not have been extended by the motion for a new trial. The Supreme Court agreed, stating:

> "Such exceptions being based on a motion for a new trial which the statute does not authorize the Superior Court to entertain on the grounds therein contained, present no question which this court has jurisdiction to determine and are a mere nullity." *Id.* at 458, 76 A. at 106.

While the *Thrift* case was a nonjury trial and tried long before the enactment of the new rules, the reasoning of the court is equally applicable to the situation in the case at bar.

The plaintiff asserts in his brief that the principle in *Thrift* should not govern because it emanates "* * * from the days of strict procedural rules and the rigorous adherence demanded by such rules." We cannot agree with plaintiff's argument since Rule 59(a) relies upon existing law to determine the grounds for a motion for a new trial.

It is not a new procedure, but simply an incorporation of what is already settled law in Rhode Island.

At the time the new rules were enacted, consideration was given by the subcommittee of Superior Court justices studying the rules to recommend the abolishing of the exception for errors at law in the making of a motion for a new trial, but they decided against so recommending. In his rescript of *Entwistle* v. *Gagnon* (C.A. No. 67-1198, Rescript No. 141 (1967), the trial justice explained:

> "It will be readily seen, however, that the situation in jury trials and in nonjury trials is quite different. If in jury cases the trial judge had the power to correct his errors, it would mean that he could bring about a new trial upon his own decision that he may have committed error, and it was in this respect that it was thought that this was not desirable but rather that the old procedure be retained whereby only the Supreme Court could correct errors of law committed at the trial. This conclusion was reached influenced greatly by the fact that a new trial with a jury would entail presenting all evidence anew and it was desirable to be certain that the error of law urged was clearly such as to warrant such action." *Id.* at 8.

Consequently, we hold that the time within which an appeal can be taken may not be extended by a motion for a new trial which is not authorized under Rule 59(a). Hence since the motion for a new trial, following a directed verdict, is not authorized, the court correctly refused to entertain plaintiff's motions.

## II

The plaintiff urges that his appeal be granted on the ground of excusable neglect. The excusable neglect provision is set out in Rule 4(a), which in pertinent part reads as follows:

> "Upon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed 30

days from the expiration of the original time prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired; it shall be made by motion with such notice as the court shall deem appropriate."

The plaintiff did not file a motion for leave to prosecute an appeal out of time on the ground of excusable neglect. Since the plaintiff had not complied with the provisions of Rule 4, this court will not consider the question of the ground of excusable neglect under the rule.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

Petition for reargument granted. Kelleher, J. is of the opinion the petition should be denied.

*S. Thomas Cotroneo,* for plaintiff.

*Higgins & Slattery, Robert J. Dumouchel,* for defendant.