TOWN OF GLOCESTER

v.

LUCY CORPORATION.

No. 80–182–Appeal.

Supreme Court of Rhode Island.

Nov. 13, 1980.

Robert G. Flanders, Jr., Town Sol., Glocester, for plaintiff.

Raymond Pezza, Providence, for defendant.

OPINION

MURRAY, Justice.

This is an appeal by the defendant Lucy Corporation from a judgment granting the plaintiff's motion for a permanent injunction. On July 30, 1979, the plaintiff sought a temporary restraining order and a preliminary injunction to enjoin the defendant from removing earth and gravel from its property located in Glocester. On September 4, 1979, a justice of the Superior Court, sitting without a jury, entered an order denying the plaintiff's motion for a preliminary injunction. On November 2, 1979, the matter proceeded to a full hearing on the merits of the plaintiff's request for a permanent injunction. The case was heard by another justice of the Superior Court, who, on January 11, 1980 entered a judgment granting the plaintiff's request for a permanent injunction but denying the plaintiff's request that fines and punitive damages be assessed against the defendant.

On January 18, 1980, defendant filed a motion for a new trial on the grounds that the judgment was "contrary to the clear weight of the evidence, * * * not supported by substantial evidence, * * * contrary to law" and "contrary to the creditable evidence and the law." After a hearing on defendant's motion, the trial justice entered an order denying the motion for a new trial on January 31, 1980.

Five days later, on February 5, 1980, defendant filed its notice of appeal from the judgment entered on January 11, 1980.

In its brief, plaintiff contends that defendant's notice of appeal was not timely filed. The plaintiff states, in support of

this contention, that "[a]lthough defendant did file a timely motion for a new trial, this motion failed to toll the 20–day appeal period in that none of the reasons offered in support of the motion were ones which could possibly support the grant of a new trial in this non–jury matter."

Supreme Court Rule 4(a) (1979 Cum. Supp.) provides in pertinent part:

4. Appeal–When taken.–(a) Appeals in Civil Cases and Workmen's Compensation Proceedings. In a civil case or Workmen's Compensation proceeding the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within twenty (20) days of the date of the entry of the judgment, order, or decree appealed from together with a filing fee of seventy dollars ($70.00). If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within twenty (20) days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this subdivision, whichever period last expires.

"The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the Superior Court by any party pursuant to the Rules of Civil Procedure of the Superior Court hereafter enumerated in this sentence, * * * and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of any of the following orders * * (4) granting or denying a motion for a new trial under Rule 59."

The plaintiff concedes the fact that defendant seasonably filed its motion for a new trial; however, plaintiff contends that in order to toll the running of the time for filing a notice of appeal, one must not only comply with the timeliness provision but one must also set forth the proper grounds for a new trial, which grounds are to be found in Rule 59 of the Superior Court Rules of Civil Procedure.

We agree with plaintiff's contention. Because this matter was heard without a jury, it is controlled by Rule 59(a)(2) (1979 Cum.Supp.), which provides:

"New trials–Amendment of judgments.–(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues * * * (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of this state. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

■ Rule 59(a) relies upon existing law to determine the grounds upon which a new trial can be granted. *Izzo v. Prudential Insurance Company of America*, 114 R.I. 224, 331 A.2d 395 (1975). Today, it is a well–settled proposition that in civil actions heard without a jury the trial justice "may grant a new trial only if he finds a manifest error of law in the judgment previously entered or if he is satisfied that the newly discovered evidence was not available at the first trial and is of sufficient importance to warrant a new trial." *Colvin v. Goldenberg*, 108 R.I. 198, 208, 273 A.2d 663, 669 (1971); *accord, Gaglione v. Cardi*, R.I., 388 A.2d 361, 365 (1978).

■ In its motion for a new trial, defendant asserts that certain evidence "may not have been construed properly or may have not been understood or not particularly clear in reference to the decision was written [*sic*]"; and "if the court's decision was based on those facts and these facts were not as clear as the decision is so written, that the court should either allow a new trial in full or evidence brought in to clarify the possibilities as written by this trial judge * * *." Clearly there was no allegation that defendant had newly discovered evidence, not available at trial, which was of such importance as to warrant a new trial. The defendant made no allegation that there was a manifest error of law.

Furthermore, we are unable to conclude that implicit in defendant's motion there

was an allegation that the trial justice committed a manifest error of law. As we stated in *Colvin v. Goldenberg*, 108 R.I. 198, 273 A.2d 663 (1971), the case in which we first decided that a motion for a new trial can be grounded upon a manifest error of law; "Not all apparent errors of law give rise to a petition for a rehearing but only those which are manifestly wrong and appear on the pleadings, record and decree, excluding the evidence." *Id.* at 207, 273 A.2d at 668–69.[1]

A thorough perusal of the pleadings, record, and decree in this case reveals not even an arguably manifest error of law.[2]

In light of these flaws, the motion is a mere nullity. *See Thrift v. Thrift*, 30 R.I. 456, 76 A. 105 (1910). In *Thrift*, the petitioner filed a motion for a new trial, but she did not base it on the ground of newly discovered evidence, the only ground permitted by the statute then in effect. The court stated: "Such exceptions being based on a motion for a new trial which the statute does not authorize the Superior Court to entertain on the grounds therein contained, present no question which this court has jurisdiction to determine, and are a mere nullity." *Id.* at 458, 76 A. at 106.

In determining whether this void motion terminates the running of the appeal, the court finds authority in *Izzo v. Prudential Insurance Company of America*, 114 R.I. 224, 331 A.2d 395 (1975). In that case we held that "the time within which an appeal can be taken may not be extended by a motion for a new trial which is not authorized under Rule 59(a)." *Id.* at 231, 331 A.2d at 399. Although we later granted plaintiff's request to reargue the case, *Izzo v. Prudential Insurance Company of America*, 116 R.I. 42, 352 A.2d 395 (1976), we found, in a per curiam opinion, no "reason why we should modify our original ruling that a motion for a new trial which does not comply with the provisions of Super.R. Civ.P. 59(a) does not extend the 20–day appeal period set forth in our Rule 4." *Id.* at 43, 352 A.2d at 395.

Because the defendant failed to file a timely notice of appeal, it has not satisfied one of the jurisdictional requirements for obtaining review in this court. Once the time set forth in our Rule 4 elapses,[3] a party can no longer challenge a judgment by way of appeal. *Riverhouse Publishing Co. v. Providence Journal Co.*, 104 R.I. 192, 195, 243 A.2d 90, 91 (1968).[4]

Because of our determination that the defendant's appeal was not timely filed, we conclude that the matter is not properly before us and we are therefore unable to rule on the merits of the case. For this reason, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to Superior Court.

---

1. This standard evolved from the old federal equity rules of pleading, which we adopted in *Colvin v. Goldenberg*, 108 R.I. 198, 273 A.2d 663 (1971). In *Colvin*, we cited Story, *Equity Pleadings*, § 404 (10th ed. 1892), in which the author stated that one of the only two instances in which a bill of review can be brought is an "error of law appearing in the body of the decree without further examination of matters of fact * * *." *Id.* at 206, 273 A.2d at 668.

2. Indeed, if we were to reach the merits of this case, it is unlikely that we would find error in the conclusion of the trial justice that defendant failed to sustain his burden of proving that it had a legal nonconforming use.

3. As stated above, final judgment was entered on January 11, 1980, and the notice of appeal was filed on February 5, 1980.

4. The fact that this case concerned the appeal provision set out in the former Rule 73 of the Superior Court Rules of Civil Procedure is immaterial, for Supreme Court Rule 4 contains the same requirement that notices of appeal are to be filed within twenty days of the date of entry of the judgment.