Walter MUNRO

v.

KAISER ALUMINUM & CHEMICAL
CORPORATION.

Nos. 76–10–Appeal, 77–434–Appeal
and 78–166–Appeal.

Supreme Court of Rhode Island.

Dec. 18, 1980.

Lovett & Linder, Ltd., Raul L. Lovett, Providence, for petitioner.

Quinn, Cuzzone, Geremia & Pennacchia, Bruce Q. Morin, Providence, for respondent.

OPINION

WEISBERGER, Justice.

These are appeals from orders of the Workers' Compensation Commission denying the petitioner's motion to file an appeal out of time and/or to correct an error in the record pursuant to Rule 10(e) of the Supreme Court Rules. We affirm.

This case arises out of unusual and hopefully nonrepetitive circumstances. Walter Munro (the employee) filed two original petitions with the Workers' Compensation Commission against Kaiser Aluminum & Chemical Corporation (the employer) arising out of alleged injuries that had occurred within a very short space of time. The first petition was numbered WCC 74–1342 and alleged that the employee had sustained an injury in the course of his employment with the respondent on June 12, 1974. The second petition was captioned WCC 74–1343 and alleged that the employee had sustained an injury in the course of his employment with the same employer on June 19, 1974. The two petitions were consolidated for purposes of trial. In both cases the trial commissioner held that the employee had failed to sustain the burden of proving that he had sustained a compensable injury. Both cases were appealed to the full com-

mission, which rendered final decrees affirming the determinations of the trial commissioner and dismissing the employee's appeal. At this point the confusion begins.

Although the employee alleges that he intended to appeal the commission's final decree in WCC 74–1342, in fact the notice and claim of appeal were denominated WCC 74–1343 (the number of the companion case). In due course reasons of appeal were filed which referred to the injury sustained on June 12, 1974. The claim and notice of appeal were filed on September 30, 1975, within twenty days of the final decree as required by Rule 4(a) of the rules of this court and G.L. 1956 (1979 Reenactment) § 28–35–29(a). On December 9, 1975, the employee filed reasons of appeal, and on December 20, 1976 (more than a year thereafter), the employer moved to dismiss the employee's appeal on the ground that the injury referred to in the reasons of appeal was not relevant to the case in which the appeal was actually taken. On February 3, 1977, we denied the employer's motion to dismiss and remanded the case to the Workers' Compensation Commission for any action which it deemed proper to be taken under Rule 10(e) of our rules.

On May 9, 1977, the employee moved to file an appeal out of time in WCC 74–1342. On December 6, 1977, the commission entered an order in which it concluded that Rule 10(e) did not provide the commission with the power to correct the record, and on March 16, 1978, the commission entered an order denying the petitioner's motion to file a claim of appeal out of time in respect to WCC 74–1342. These two orders effectively denied the employee's request to the commission that his appeal be allowed in spite of the original erroneous case caption. The employee has filed separate appeals

from each of these orders, all of which are consolidated in this court.

■ The employee argues that his right of appellate review should not be precluded by what he terms a mere technicality. He cites a number of federal cases construing parallel rules of federal appellate procedure, but concedes that none are factually on all fours with the case at bar. In this case we believe that the commission was correct in its construction of Rule 10(e). This rule is designed to allow the correction or modification of the record in an appeal which has been properly claimed in this court.[1] It is not a device for permitting an appeal to be taken out of time or for absolving a party of the consequences of having taken an appeal in the wrong case.

All rules of appellate procedure may be characterized as having technical aspects. For example, a party may lose the right to appeal to this court if he fails to file his notice of appeal within twenty days, subject to being relieved of such error by the trial court on the ground of excusable neglect. However, a showing of excusable neglect must be made in order to qualify for an extension of time for a period not to exceed thirty days. Sup.Ct.R. 4(a). Nevertheless, a party may for lack of compliance with time limitations fail to perfect an appeal. *Izzo v. Prudential Insurance Company of America*, 114 R.I. 224, 331 A.2d 395 (1975), *aff'd on rehearing*, 116 R.I. 42, 352 A.2d 395 (1976). In *Riverhouse Publishing Co. v. Providence Journal Co.*, 104 R.I. 192, 243 A.2d 90 (1968), we held that a party lost the right to appeal by the failure to perfect it within the twenty–day period, having failed to utilize the various provisions of the procedural rules which would have permitted the tolling of the appeal period. Thus, fail-

---

1. Supreme Court Rule 10(e) provides:

 "Correction or Modification of the Record. If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial

court, either before or after the record is transmitted to the Supreme Court, or the Supreme Court, on proper suggestion or of its own initiative, may direct that the omission [or] misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the Supreme Court."

ure to meet the requirements set forth in appellate rules may extinguish the right to an appeal. Here, as in *Izzo*, the employee does not advance excusable neglect as a reason for having taken an appeal in the wrong case but rather he seems to argue that this error is of such minor dimensions as to be of no consequence. He states in his brief "[t]he appellant maintains that the Commission should have overlooked this technical error and treated the defective appeal as a timely appeal for the correct case * * *."

 In fact, the two cases that the employee had litigated before the commission were identical in nomenclature in all respects, save the number. Although the reasons of appeal referred to an injury that had figured prominently in WCC 74–1342, only the most discerning reader who was familiar with the facts of the case would recognize this somewhat subtle distinguishing feature. Therefore, it cannot be said that the employer was aware at all times of the actual intention of employee's counsel. Thus, the commission was correct in its

determination that no relief could be granted under Rule 10(e); and further, the commission had no authority under Rule 4(a) to extend the time for the filing of the required notice of appeal for a period in excess of thirty days from the expiration of the original time prescribed by the rule. By the time this motion was made, nearly one year and eight months had elapsed from the entry of the final decree in WCC 74–1342.[2] Consequently, the commission was powerless to grant relief under Rule 4(a).

For the reasons stated, the employee's appeal is denied and dismissed, and the orders appealed from are affirmed. The papers in the case may be remitted to the Workers' Compensation Commission.

---

2. The final decree of the commission in WCC 74–1342 was entered September 18, 1975. The employee moved to file an appeal out of time on May 9, 1977.