Ralph R. TILLSON et al.

v.

Steven M. FEINGOLD et al.

No. 82–360–Appeal.

Supreme Court of Rhode Island.

April 5, 1985.

Frederick C. Kilguss, Jr., Connors & Kilguss, Providence, for plaintiffs.

James L. O'Neill, Providence, Steven M. Feingold, Rogers Wiley & Parneault, Warwick, for defendants.

OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment entered in the Superior Court after a trial without the intervention

of a jury. We affirm the judgment. The facts in the case as found by the trial justice in pertinent part are as follows.

In early June of 1978, plaintiffs, Ralph and Susan Tillson, husband and wife, arranged for the purchase of a house located at 12 Cambio Court, West Greenwich, from the builder-vendor, who was defendant Steven M. Feingold. The house was both newly built and essentially completed except for carpeting and landscaping.

The parties entered into a sales agreement on June 6, 1978, and a title closing took place on August 3, 1978. At the time of the title closing the landscaping had not yet been completed, and the parties agreed that the sum of $500 would be held in escrow to ensure completion of the landscaping. The purchase price of the newly built dwelling was $53,900.

Within two months of the title closing, plaintiffs noticed that the paint on the front clapboard portion of their house was beginning to peel. They notified defendant, and he attempted to correct the condition but failed to do so, and by the early spring of 1979 the problem had recurred. By this time the parties were engaged in a dispute over the peeling problem and, in addition thereto, several other problems that had surfaced since plaintiffs moved into their new home. The defendant had corrected some of the problems, had attempted to correct others, but in general was not satisfying plaintiffs' demands. Litigation ensued, and plaintiffs filed a complaint in the Superior Court for the county of Kent. At the conclusion of the trial, defendant Linda Feingold was dismissed as a party defendant, and Steven Feingold remained the sole defendant in the case. The trial justice made the following findings in respect to liability:

1. "[T]he defendant constructed the house that he sold to [plaintiffs] in a negligent manner and breached his warranty to them that the construction had been done in a workmanlike manner and that the house would be reasonably fit for human habitation.

2. "[T]he defendant, in the construction of the house * * * neglected to comply with various building code requirements regarding the installation of a weather barrier, that is, a tar or felt paper between the wooden understructures such as roofing and side sheathing. Accordingly, the roof shingles and side and rear house shingles, as well as the front clapboarding, were all installed with no weather barrier behind them. This lack of weather barrier resulted in the paint peeling problem on the front clapboards [and] resulted in the lifting and pulling away of the side and rear house shingles, and caused the general damp condition that the plaintiffs complained about throughout their house.

3. "[T]he chimney constructed as an exterior attachment to the plaintiffs' house was negligently constructed and has pulled away from the house permitting water to enter into the cellar fireplace and onto the cellar floor.

4. "[T]he floors in the kitchen, dining room and living room areas were negligently constructed in that the length of the span covered by the floor joist supporting the floor was too great a span for the floor dimensions and has resulted in a springy or spongey [sic] floor condition * * *.

5. "[T]he defendant sold to the plaintiffs a house built upon a [defective] foundation" (no damages were awarded for this defect because of a failure of proof as to damages on the part of the plaintiffs).

6. "[T]he defendant negligently planned the installation and construction of the landscaping for [plaintiffs'] house." (No damages were awarded for this defect because of the uncertainty of plaintiffs' evidence concerning damages.)

The trial justice then awarded a judgment for the damages that plaintiffs had proven in the amount of $8,207.

Thereafter, defendant moved for a new trial purportedly pursuant to Rule 59(a)(2)

of the Superior Court Rules of Civil Procedure. This rule states in pertinent part:

"A new trial may be granted to all or any of the parties and on all or part of the issues * * * (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of this state."

This rule was interpreted in *Colvin v. Goldenberg*, 108 R.I. 198, 273 A.2d 663 (1971), to allow the granting of a new trial only under the following conditions: (1) if there is an error in the judgment that is manifest on the face of the record without further examination of matters of fact or evidence; or (2) if the trial justice is satisfied that newly discovered evidence has come forward which was not available at the first trial and is of sufficient importance to warrant a new trial. *Id.* at 208, 273 A.2d at 669.

In the case at bar, the motion for new trial did not allege a manifest error of law on the face of the judgment, nor did it allege or claim that any new evidence had been discovered since the trial of the action. Instead the motion for new trial did nothing more than seek to persuade the trial justice that his findings of fact were clearly erroneous and that his conclusions of law were likewise erroneous. The trial justice denied the motion for new trial, noting that under the rule as set out in *Colvin*, "there is no reason advanced which would justify the Court granting the motion for the new trial."

Although neither party has advanced this issue in either brief or argument, it is highly doubtful that this motion for new trial based upon wholly untenable grounds was effective in tolling the period within which an appeal should be taken pursuant to Rule 4(a)(4) of the Supreme Court Rules of Appellate Procedure. We have held in *Izzo v. Prudential Insurance Co.*, 114 R.I. 224, 231, 331 A.2d 395, 399 (1975), that a motion for new trial following direction of a verdict is a nullity and as such would not extend the time within which an appeal might be taken and that the appeal which was not taken within twenty days of the entry of judgment pursuant to the direction of verdict was untimely and consequently ineffective in obtaining appellate review.

We are of the opinion that a motion for new trial after a nonjury trial that does not even allege either of the grounds upon which a new trial may be granted pursuant to the provisions of Rule 59(a) is similarly a nullity. In the case at bar, this motion, like the motion in *Izzo*, served no purpose except to exhort the trial justice to correct his own alleged errors of law. This he had no authority to do. The motion for new trial was not even a colorably adequate foundation upon which to base a reasonable argument that it should be granted. *Town of Glocester v. Lucy Corp.*, R.I., 422 A.2d 918 (1980).

It should be noted that the judgment of the court was rendered January 20, 1982, pursuant to a carefully prepared rescript. The motion for new trial was heard on February 8, 1982, and was denied from the bench the same day. A formal order denying the motion was entered on February 18, 1982. The notice of appeal was filed March 10, 1982. This notice of appeal was filed more than twenty days subsequent to the entry of judgment. We are therefore of the opinion that defendant has not properly invoked our appellate jurisdiction.

However, because of the fact that neither party raised this issue before us, and because our opinion in *Corrado v. Providence Redevelopment Agency*, 110 R.I. 549, 294 A.2d 387 (1972), did not indicate the stringency with which this rule should be applied on motions for new trial after a judgment in a case tried without a jury, we have not summarily dismissed defendant's appeal. In fact, we have carefully examined all of the grounds asserted in support of the appeal and find that none of them has merit. However, in light of the untimeliness of the appeal, we decline to analyze and pass in detail upon each of the

nine issues raised by defendant in support of his appeal. We do caution members of the bar that in the future the filing of a motion for new trial in a nonjury case that does not conform to the requirements laid down in *Colvin, supra,* will be regarded as a nullity and such a motion will not extend the time for the filing of a notice of appeal.

It is conceded by the parties in this case that the trial justice did make a clerical error in the amount of $320 in awarding damages. Consequently, in the light of that concession, the judgment should be reduced by this agreed figure.

For the reasons stated, the appeal of the defendant is denied and dismissed save for the agreed modification of the judgment. The judgment as modified is hereby affirmed. The papers in the case may be remanded to the Superior Court for entry of a judgment as modified in this opinion.