Arthur J. TOEGEMANN

v.

Louise RICH, et al.

No. 91–199–Appeal.

Supreme Court of Rhode Island.

Dec. 12, 1991.

Arthur J. Toegemann, pro se.

David Szerlag, Warwick, for defendant.

ORDER

This matter was before the Supreme Court on December 5, 1991, for consideration of defendants/appellees' motions to dismiss plaintiff's appeal and for sanctions or counsel fees.

On February 5, 1991, after a non-jury trial in the Superior Court in two consolidated cases, defendants' motions to dismiss under Rule 41(b)(2) of the Superior Court Rules of Civil Procedure were granted. Under Rule 41(b)(3) that dismissal constituted an adjudication on the merits. Therefore, judgment for defendants was entered.

The plaintiff/appellant promptly filed a notice of appeal but then withdrew the appeal and filed a motion for a new trial under Rule 59 of the Rules of Civil Procedure. The trial justice notified plaintiff/appellant by letter that his motion for a new trial in a non-jury case was a nullity under the decided cases and such a motion did not

extend the time for filing of a notice of appeal. The trial justice cited *Colvin v. Goldenberg*, 108 R.I. 198, 273 A.2d 663 (1971), *Tilson v. Feingold*, 490 A.2d 64, 67 (1985), and *Town of Glocester v. Lucy Corp.*, 422 A.2d 918, 919 (1980). Appellant then filed a new notice of appeal on March 13, 1991, long after expiration of the time for filing an appeal from the February 5, 1991 judgment.

Defendants/appellees appeared through counsel and plaintiff/appellant appeared pro se. Although plaintiff/appellant states that he is entitled to a new trial based on newly discovered evidence, he has not identified evidence, newly discovered, that would warrant relief from the Rule 41(b)(2) dismissal nor has he in any way offered a basis for relief from his failure to file a timely appeal.

After hearing the parties in oral argument and after reviewing the documents on file and the rather voluminous record of the below case, it is the conclusion of the court that the motion to dismiss has merit and must be granted. As to the motion for sanctions or for counsel fees, evidence would have to be considered as to whether counsel fees or sanctions are indicated and if so in what amount. These issues necessitate an evidentiary hearing.

Therefore, plaintiff/appellant's appeal is denied and dismissed and the papers of the case are remanded to the Superior Court for determination of the issue regarding sanctions or counsel fees.