Kathleen V. HEMINGWAY

v.

Edward F. HEMINGWAY.

No. 96–40–APPEAL.

Supreme Court of Rhode Island.

July 22, 1997.

Arthur M. Read II, Providence, for Plaintiff.

Michael R. Hagopian, Providence, for Defendant.

Before WEISBERGER, C.J., and FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on June 17, 1997, pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. Both the plaintiff, Kathleen V. Hemingway (plaintiff), and the defendant, Edward F. Hemingway (defendant), have filed appeals from the entry of judgment in favor of the plaintiff.

After hearing the arguments of counsel for the parties and after reviewing the memoranda of the parties, we are of the opinion that cause has not been shown; therefore, the appeals will be decided at this time.

■ The facts and travel of the case indicate that the parties were married on October 2, 1965. The marriage produced three children. On February 28, 1983, defendant obtained an uncontested Haitian divorce. Just prior to the divorce the parties, with the assistance of counsel, entered into a property-settlement agreement that provided for custody, distribution of property, and payment of child support and alimony to plaintiff. Both the divorce decree and the agreement specifically stated that the agreement was to be incorporated but not merged into

the divorce decree. As such the agreement survived as an independent, enforceable contract between the two parties. *See Riffenburg v. Riffenburg,* 585 A.2d 627 (R.I.1991).

On January 2, 1992, plaintiff filed a breach-of-contract action in the Superior Court, alleging that defendant had breached the terms of the agreement by failing to contribute towards the children's educational expenses. The plaintiff relied on paragraph 7 of the agreement, which provides that:

"[t]he parties agree to divide equally any secondary school or college bills that the children incur."

The trial justice issued a written decision in which she found that defendant had breached the contract and entered judgement for plaintiff in the amount of $53,755.80. The defendant filed a motion for a new trial or, in the alternative, a motion for remittitur. These motions were denied. The plaintiff sought a ruling on her request for an award of attorney's fees. In a subsequent decision the trial justice awarded pre- and post judgment interest to plaintiff but denied her request for attorney's fees. Both parties appealed from this decision.

The defendant's motion for a new trial did not allege a manifest error of law on the face of the judgment, nor did it allege or claim the existence of evidence newly discovered since the trial of the action. *Tillson v. Feingold,* 490 A.2d 64, 66 (R.I.1985); *see Colvin v. Goldenberg,* 108 R.I. 198, 273 A.2d 663 (1971). Indeed, the motions filed by defendant "did nothing more than seek to persuade the trial justice that [her] findings of fact were clearly erroneous and that [her] conclusions of law were likewise erroneous." *Tillson,* 490 A.2d at 66. The trial justice denied the motions in a second decision dated September 18, 1995. The trial justice then awarded pre- and post judgment interest to plaintiff but denied her request for attorney's fees.

■ Both plaintiff and defendant filed notices of appeal with respect to this second decision. Thus defendant's appeal to this court is untimely. Although neither party has addressed this issue, it is well-settled that a motion for a new trial filed after a

nonjury trial, which does not allege either of the appropriate reasons set forth in Rule 59(a) of the Superior Court Rules of Civil Procedure, is a nullity and does not toll the period in which an appeal may be taken to this court, pursuant to Article I, Rule 4(a)(4), of the Supreme Court Rules of Appellate Procedure. We have previously noted that the provisions of Rule 4 relative to the filing of a notice of appeal are mandatory. "Our appellate jurisdiction may not be properly invoked when an appeal is filed more than twenty days subsequent to the entry of the judgment of which review is being sought." *Title Investment Co. of America v. Fowler*, 504 A.2d 1010, 1011–13 (R.I.1986). Since the record clearly discloses that defendant filed his appeal beyond the time allowed by the rule, the judgment will remain undisturbed.

Finally, the court must review plaintiff's cross-appeal from the denial of her request for attorney's fees. The plaintiff alleges that there was a complete absence of any justiciable issue of either fact or law by the losing party thereby entitling her to an award of attorney's fees pursuant to G.L. 1956 § 9–1–45, which provides,

> "The court *may* award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court (a) finds that there was a complete absence of a justiciable issue of either law or fact by the losing party." (Emphasis added.)

After reviewing the record, however, we do not see a complete absence of a justiciable issue of either law or fact. Accordingly we affirm the trial justice's decision to deny the plaintiff's request for attorney's fees.

Consequently we deny and dismiss both appeals, and the judgements appealed from are affirmed. The papers may be returned to the Superior Court.

LEDERBERG and BOURCIER, JJ., did not participate.