[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This is an appeal from a decision of the South Kingstown Zoning Board of Review (Zoning Board), overturning a written determination of the Town's Zoning Enforcement Officer. Jurisdiction is pursuant to G.L. 1956 § 45-24-69. For the reasons set forth herein, the appeal is denied.
 FACTS AND TRAVEL
The instant dispute concerns the business use of real property owned by Charles Sweet. The property is located at 476 Main Street, in Wakefield, Rhode Island, more specifically described as Lot 17 on Tax Assessor's Map No. 56-3. Koolco, Inc. (Koolco) operates a heating, cooling and refrigeration business on the premises, dating back to 1976. Charles A. Sweet's son, Gregory, is Koolco's president. Appellant M S Property Management, LLC (M S), owns property located at 491 Main Street. Appellant Stephen D. Smith is the managing member of M S.
Koolco's primary business activity consists of retail sales of heating, cooling and refrigeration equipment. Koolco also sells and delivers heating fuel. The fuel sales aspect of Koolco's business gives rise to the instant controversy. Koolco's original business consisted of sales and service of air-conditioning and heating equipment. Koolco began selling heating fuel, on a limited basis, more than twenty years ago. Already in the service business, Koolco sometimes delivered and sold small quantities of heating fuel (5-10 gallons) to its customers. Such sales normally occurred when a service customer ran out of fuel. Koolco would come to their home to restart the burner and provide enough fuel to get through the night. Koolco stored its fuel on the premises in three 275 gallon tanks in its warehouse and delivered fuel to customers in its storage trucks.
In 1998, responding to competitive pressures, Koolco decided to expand its fuel sales operation. Koolco dropped certain large customers in order to accommodate the contemplated expansion in fuel sales. Unfortunately, personal misfortune delayed Koolco's foray into the home heating fuel delivery business. Koolco finally implemented its business expansion nearly four years later, in 2002, acquiring the first of two dedicated fuel delivery trucks. Koolco now uses the trucks for both storage and delivery. Each truck carries approximately 2,800 gallons of heating fuel. Koolco delivered approximately 30,000 gallons of fuel in 2002. Koolco removed the pre-existing storage tanks from the garage after purchasing the fuel delivery trucks.
South Kingstown amended its Zoning Ordinance (Ordinance), Maps and Use Codes on May 10, 1999. Prior to the 1999 amendment, the Ordinance zoned the Koolco property C-3. The amended Ordinance placed the Koolco property in a Commercial Downtown (CD) zone. C-3 zones permit sales and delivery of heating fuel. CD zones do not.
On August 29, 2002, Russell Brown, the South Kingstown Building Official sent a letter to Koolco averring that sales and storage of heating oil, diesel fuel or kerosene were prohibited in a CD zone. Gregory Sweet responded by letter dated September 15, 2002. He claimed ignorance of any such prohibition, and asked to be "grandfathered," so that Koolco might continue fuel sales from the premises. In support of this request, the letter described the history of fuel sales on the premises and invoked the expense of the recent expansion.
In response to Gregory Sweet's letter, Mr. Brown issued a violation notice dated November 5, 2002. In the violation notice, Mr. Brown concluded Koolco's historical sales of heating fuel "would not qualify as wholesale or retail sale of petroleum products [under the Ordinance]." Mr. Brown ordered Koolco to cease and desist the sales and storage within thirty days.
Koolco did not directly appeal the November 5, 2002 violation notice. Instead, Koolco applied for a use variance. The Zoning Board heard Koolco's petition for a use variance on March 5 and 19, 2003. At the hearing, members of the Zoning Board questioned Koolco's attorney as to why he had applied for a use variance instead of a nonconforming use. The Zoning Board took testimony from several witnesses, including Gregory Sweet, who addressed the history of Koolco's business use of the premises up to and including the oil delivery venture. The tenor of the Zoning Board's questions and witness testimony repeatedly strayed to the idea of a preexisting nonconforming use, rather than the use variance application before them. At the close of the March 19 meeting, the Zoning Board granted Koolco a continuance in order to obtain a new decision from the Building Official, specifically addressing the issue of a preexisting nonconforming use from which to appeal, if necessary.
On April 21, 2003, Koolco's attorney sent a letter to the Building Official stating his case for a preexisting nonconforming use. The Building Official responded by letter dated May 12, 2003 addressing Koolco's arguments. The Building Official's letter rebuffed Koolco's arguments on the subject, referring back to the November 5, 2002 violation notice and the reasoning contained therein. On May 16, 2003, Koolco appealed the Building Official's May 12 letter to the Zoning Board.
After hearings conducted May 21, July 16, and July 23, 2003, the Zoning Board made a sole finding of fact: fuel delivery had been a part of Koolco's business prior to amendment of the Ordinance in 1999, and remained so. The Zoning Board concluded that heating and air-conditioning service remained Koolco's primary business, with fuel sales and delivery merely being a component of the business rather than a new use. The Zoning Board unanimously voted to sustain Koolco's appeal. Appellants M S Property Management, Inc. and Stephen D. Smith herein appeal from that decision.
 STANDARD OF REVIEW
This Court's review of the Zoning Board's decision is governed by G.L. 1956 § 45-24-69(d) which provides that:
 The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a zoning board decision, the court "must examine the entire record to determine whether `substantial' evidence exists to support the Zoning Board's findings." Salve Regina College v. ZoningBoard of Review of Newport, 594 A.2d 878, 880 (R.I. 1991) (citingDeStefano v. Zoning Board of Warwick, 122 R.I. 241, 245, 405 A.2d 1167,1170 (1979)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand and Gravel Co.,Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi,120 R.I. 501, 508, 388 A.2d 821, 824-25 (1978)). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New England Naturist Association v.George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v.International Association of Firefighters, AFL-CIO, Local 1589,119 R.I. 506, 508, 380 A.2d 521, 522 (1977)). This Court should exercise restraint in substituting its judgment for the Zoning Board and is compelled to uphold the Zoning Board's decision if the court conscientiously finds that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257, 260
(R.I. 1985) (citing Apostolou, 120 R.I. at 507, 388 A.2d at 825).
 ANALYSIS
Timeliness of Appeal
A threshold issue raised by the Appellants is whether Koolco's appeal should have been denied as not timely filed. The Ordinance provides that:
 An appeal to the Zoning Board from a decision of any zoning enforcement agency or officer . . . may be taken by an aggrieved party. Such appeal shall be taken within five days of the date of Notice of Violation if taken by a recipient of a Notice of Violation. . . .
 The appeal shall be commenced by filing an application with the Board, with a copy to the officer or agency from whom the appeal is taken, specifying the grounds thereof. Sec. 909.
However, this Court notes that the General Laws provide such an appeal "shall be taken within areasonable time of the date of the recording of the decision . . .," which is significantly less stringent than the five-day window provided by the Ordinance. G.L. 1956 § 45-24-64 (emphasis added).
The Appellants protest that Koolco did not timely appeal the November 5, 2002 violation letter. Koolco and the Zoning Board, somewhat disingenuously, maintain the only "decision" before them is that contained in the Building Official's May 12 letter, leaving the November 5, 2002 violation notice with no apparent effect.
While this Court accords great weight to procedural requirements of the Ordinance, its provision limiting time for appeals to five days is clearly more onerous than the reasonable time period articulated by the legislature for the same purpose. Accordingly, this Court concludes that the "reasonable time" standard established in § 45-24-64 is the appropriate procedural benchmark.
While Appellants correctly argue that Koolco did not file an "appeal" to the November 5, 2002 violation notice, the record establishes that Koolco took prompt action to contest the decision by filing an application for a use variance. Koolco acted in opposition to the November 5, 2002 decision within a reasonable time. That Koolco's exception to the zoning decision may be inartfully drafted or incorrectly styled does not disqualify relief or deny procedure afforded by the Ordinance. Accordingly, this Court declines to dismiss the instant action as untimely filed.
Preexisting Nonconforming Use
"The burden of proving a nonconforming use is upon the person or corporation asserting the nonconforming use, and that party must prove that the use lawfully was established before the zoning restrictions were placed upon the land." Rico Corp. v. Exeter, 787 A.2d 1136, 1144
(R.I. 2001) (citing Town of Glocester v. Lucy Corp.,422 A.2d 918, 920 n. 2 (R.I. 1980)).
This Court's analysis begins with the Zoning Board's finding of fact that fuel sales comprised part of Koolco's business prior to the 1999 amendment of the Ordinance. The finding is supported by competent evidence; namely, Charles Sweet's affidavit and testimony to that effect, and an affidavit of a customer who had occasion to purchase fuel from Koolco prior to 1999.
Operating a heating and air-conditioning service business, which also sold heating fuel, subjected Koolco to the following use codes prior to the 1999 amendment: Use Code 52.24, Heating, Plumbing Electrical Supply Service and Use Code 59.8 Fuel Oil and Bottled Gas (Sales and Service). Prior to 1999, the Ordinance permitted both uses in a C3 zone. When South Kingstown amended its Ordinance in 1999, it changed its use codes. The fuel sales aspect of Koolco's business appears now to be subject to Use Code 53, Wholesale or Retail Trade of Petroleum Products up to 100,000 gallons. The amended Ordinance does not permit such a use in a CD zone.
This Court is compelled to uphold the Zoning Board's decision if it conscientiously finds that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257, 260 (R.I. 1985) (citing Apostolou, 120 R.I. at 507, 388 A.2d at 825). Because substantial evidence in the record supports the Zoning Board's decision, this Court declines to disturb the Zoning Board's determination that fuel sales, as part of Koolco's air-conditioning and heating service business, constitutes a preexisting nonconforming use.
 CONCLUSION
For the foregoing reasons, the decision of the Zoning Board is affirmed. Counsel shall submit an order consistent with this Decision.