ANTONIO GONSALVES, JR. *vs.* ANTONIO DASILVA, *et al.*

MARCH 22, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This bill in equity was brought to have the respondents enjoined from interfering with the use of a certain right of way. The cause was heard in the superior court on bill, answer, replication and proof, and a decree

was entered granting the above relief. From the entry of that decree the respondents have duly prosecuted their appeal to this court.

The facts are substantially admitted. It appears that Antonio Gonsalves and his wife, who are the complainant's parents, owned in fee as joint tenants a parcel of land in the town of Cumberland in this state which bounded northeasterly on Abbott street approximately 73.4 feet and extended back from such street to a depth on one side of about 63.1 feet and on the other side to a depth of 92.9 feet more or less. Near the middle of this lot there was an old farmhouse which was occupied as a double cottage. By deed dated February 1, 1938 Antonio Gonsalves and his wife sold and conveyed to the respondents in fee as joint tenants the northeasterly part of said lot amounting to somewhat more than half thereof and bounding on Abbott street together with the portion of the old house standing on the part so conveyed. The boundary line passed approximately through the middle of the house and constituted the dividing line between the two tenements.

In that deed the following reservation appears: "Reserving to said Grantors a right of way over the above conveyed premises for the purpose of egress and ingress from and to the premises retained by said Grantors for normal household purposes, including garage purposes." The construction of this reservation is the controlling question in this cause.

The grantors lived in the part of the house not sold, and on the date above mentioned Antonio Gonsalves by quitclaim deed conveyed to his wife his interest in the portion of the property retained which thereafter by deed dated July 26, 1938 she conveyed to her brother Antonio Botelho and his wife. On May 3, 1947 the latter conveyed to the complainant said property including the part of the farmhouse thereon, being the southwesterly section of the parcel of land as originally delineated. For a number of years before the division of the premises in 1938, as above indi-

cated, there was in existence a well-defined way running westerly from Abbott street across the part of the property now owned by the respondents to the portion now held by the complainant and such way was used by the occupants of both sides of the double cottage, their invitees and tradesmen on foot and with vehicles. After the property was divided the owners of the southwesterly section thereof or the dominant estate, their invitees and tradesmen continued for a number of years to use such way in the manner above referred to for ingress and egress to and from such section which did not bound on any public highway.

Soon after the complainant acquired title to the southwesterly portion of the property he and his mother occupied the first floor, comprising four rooms, of the part of the farmhouse on such southwesterly portion. He altered the second floor by raising the roof somewhat and then, by building over a part of the first story, a new room about 15 by 10 feet was added, thus making a four-room tenement on the second floor. This tenement he rented by the week, starting about October 1947, to a man who had a wife and one child. The respondents do not deny that thereafter by letter they warned the above tenant of the second floor not to use the way and also that they intended to interfere with the use thereof by him, his family, invitees and tradesmen.

The complainant relies on the reservation in the deed of February 1, 1938 and makes no claim that the way is one of necessity. On the other hand, the respondents do not question that the way created by the above reservation is appurtenant to the portion of the parcel retained by the grantors on the above date and they do not argue that the way was merely an easement in gross for the benefit of such grantors. In any event in *Sullivan Granite Co.* v. *Vuono,* 48 R. I. 292, at page 295, it was said: "The presumption is in favor of an easement being appurtenant rather than an easement in gross." Further the respondents state that they do not object to the complainant and his mother, their

invitees and tradesmen using the way across respondents' land. It is, however, their contention that the easement of ingress and egress created by the reservation in the above deed relates to the condition of the property as it existed at that time, and that the use of the way by complainant's tenant, his family, invitees and tradesmen constitutes an unlawful increase in the burden of the easement. That contention is denied by the complainant, who argues that his tenant has a right to use the way and that the use did not amount to an unlawful increased burden on the servient estate.

In finding for the complainant the trial justice stated that he was resting his decision on the meaning he placed upon the clear language of the reservation. By implication he evidently concluded that the tenant's use of the way was within the terms of the reservation and did not constitute an increase of the servitude upon respondents' estate. The latter argue that in case of doubt a reservation of an easement is to be construed favorably to the grantee of the land, and that a right of way so created is limited to what is expressly reserved. Such is apparently one of the recognized rules of construction applicable in causes of this kind where there is such a doubt. 3 Tiffany Real Property (3d ed.) §802. There are, however, other rules of construction, one of which is in substance that the extent of an easement is to be determined by a construction of the grant or reservation by which it is created, aided by any concomitant circumstances which have a legitimate tendency to show the intention of the parties. 17 Am. Jur., Easements, §97. *First Baptist Society* v. *Wetherell,* 34 R. I. 155.

An examination of the language of the reservation now before us leads us to agree with the trial justice that it is clear and free from doubt. Treating the reservation, as the parties did, as creating an easement of way appurtenant to the complainant's land and over the property of the respondents, the only limitation expressed is that the use

of the way shall be for normal household purposes including garage purposes; otherwise the language of the reservation is reasonably broad. The complainant's property comprised a comparatively small parcel of land containing only the southwesterly half of the double cottage or farmhouse. It appeared that the use of the way by the complainant's tenant and the latter's family, invitees and tradesmen was merely for normal household purposes. No other use was suggested nor did the respondents show clearly that the added use to which the way was put by reason of the tenant's occupancy constituted an increased burden on the servient estate. Any change in the use was in reasonable degree merely and not in kind.

We are not confronted here by any question where there is an obvious and unreasonable extension in the use of the way and therefore an unreasonable burden on the servient tenement. On the record before us we are of the opinion that the present use of the way by the complainant's tenant, his family, invitees and tradesmen for normal household purposes comes within a reasonable construction of the language of the reservation and that such use does not amount to an unlawful burden on the respondents' property. *Matteodo* v. *Capaldi*, 48 R. I. 312. Upon consideration we find the decision of the trial justice to be without error.

The following cases, although not exactly similar to this case in all respects, tend to support the above holding on the question of changed or added use by the dominant estate. In *Seidler* v. *Waln*, 266 Pa. 361, the court held in substance that a reservation in a deed in broad and general language of the use of a carriage way was appurtenant to grantor's land which could be improved so as to increase the number of persons to use such way without imposing an unlawful additional burden on the servient estate, and such improvement could include the dividing of the land into building lots upon which were several houses. In *Baldwin* v. *Boston & Maine R. R.*, 181 Mass. 166, it appeared that the plaintiff had acquired a right of way by prescription

over defendant's property at a time when there was only one dwelling house on plaintiff's land. Later she built two additional houses of two tenements each on her lot. The defendant denied the use of the way to plaintiff's tenants, but the court held that the character of the use had not changed and that a finding was justified that no additional burden was imposed on the defendant's land. At page 170 of the opinion the court stated: "No case has been shown to us nor are we aware of any, where the change in the use of the land has been only in degree and not in kind, in which it has been held that the way could not be used to the land in the changed condition, especially if there was no increased burden upon the servient estate."

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Dominique S. Pavou,* for complainant.

*Corcoran, Foley & Flynn,* for respondents.