**Gerald A. OSTER et al.**

v.

**Jaime RESTREPO, Jr. et al.**

**No. 79–328–Appeal.**

Supreme Court of Rhode Island.

Aug. 10, 1982.

---

Oster, Groff & Prescott, George M. Prescott, Lincoln, for plaintiffs.

John Quattrocchi III, Town Sol., Lincoln, for defendants.

OPINION

SHEA, Justice.

This is a class action in which an appeal has been taken from the grant of a preliminary injunction in the Superior Court against the defendants, Jaime Restrepo, Jr., tax assessor, and Claudette Paine, finance director for the town of Lincoln, Rhode Island. They are presently enjoined, pending a full hearing on the merits, "from making assessments against the tangible personal property of the members of the plaintiff class unless assessments are also made against all other ratable tangible personal property located in the defendant Town of Lincoln." Following his decision, the trial justice granted a stay of the injunction pending review on appeal. For the reasons stated in this opinion, we remand the case for a full hearing on the merits.

The plaintiff class consists of Lincoln taxpayers who own tangible personal property used in their businesses. The class representatives are Gerald A. Oster, Lawrence S. Groff, and George M. Prescott. They are residents of the town and are partners in the law firm of Oster, Groff & Prescott, with offices located at 936 Smithfield Avenue in Lincoln. Mr. Oster has practiced law at that address for seventeen years. His partners have been associated with him for shorter periods.

In early 1979 the law firm received a notice from the tax assessor's office notifying the partners of their obligation to file for the purpose of taxation an inventory of the personal property owned and used by the firm in the course of its practice. The firm had never received such a notice before. Neither had the partners ever received such a notice regarding nonbusiness tangible personal property. The plaintiffs intentionally failed to comply with this notice.

The evidence at the hearing below revealed that prior to 1979 no attorney or accountant in Lincoln had paid taxes on tangible personal property used in business, and not all of the insurance agents and real estate brokers did so. One real estate broker, Hilton Rosen, testified that he had operated his real estate business in Lincoln for four years before he received a similar notice concerning his tangible business personalty in 1979. Furthermore, it has been the continuing policy of the town not to assess nonbusiness tangible personal property found in private homes. In short, the tax assessor's practice has been to assess only tangible personal property used in business in the town of Lincoln. In fact, however, not all businesses have been so taxed.

The tax assessor explained the uneven pattern of business taxation by saying that his office had started research on the town's businesses only within the previous two years, and that it was difficult to know the existence of every local business in the absence of some form of mandatory local registration.

In seeking preliminary relief, plaintiffs' main focus was upon what they perceived to be the discriminatory nature of the taxing scheme. The trial justice stated in his decision:

"The plaintiffs are asserting for themselves as Lincoln Taxpayers the legal right to be taxed in accordance with the law of this state, that is to say, that all tangible property not exempt from taxation, be assessed or that none of it be assessed."

The plaintiffs rely principally for their legal authority on G.L.1956 (1980 Reenactment) §§ 44–3–1 and 44–5–12 which state:

"44–3–1. Real and personal property subject to taxation.—All real property in the state, and all personal property belonging to the inhabitants thereof, whether individuals, co-partnerships, or corporations, and all tangible personal property located in the state belonging to nonresidents, shall be liable to taxation unless otherwise specially provided."

"44–5–12. Assessment at full and fair cash value.—All property liable to taxation shall be assessed at its full and fair cash value, or at a uniform percentage thereof, not to exceed one hundred percent (100%), to be determined by the assessors in each town or city; provided, however, that in assessing real estate which is classified as farm land, forest or open space land in accordance with [chapter 27] of this title the assessors shall consider no factors in determining the full and fair cash value of said real estate other than those which relate to said use without regard to neighborhood land use of a more intensive nature."

We note that § 44–3–3 contains a list of exempt property, including in subsection 17 household items "not exceeding twenty thousand dollars ($20,000) with the approval of the municipal governing body." Tangible personal property used in business is not at all exempt.

The town argues that the taxing method violates no precept of equal protection because a taxing authority may legitimately classify property for taxation purposes according to its use or owner. It further argues that plaintiffs' remedy is limited by the terms of § 44–5–27 to that provided by § 44–5–26. Section 44–5–26 allows an aggrieved taxpayer to petition the Superior Court for review of an assessment. Section 44–5–27 does allow a taxpayer to invoke the equity jurisdiction of the Superior Court "in a proper case," but only if a complaint is filed within three months after the last available day to pay the tax without penalty.

■ We do not believe that plaintiffs' remedy is so limited in the present case. Section 44–5–27 requires that there first be an assessment about which the taxpayer may complain in order to invoke the exclusive relief provided in § 44–5–26. As we understand the record, no assessment has yet been made upon which plaintiffs could petition the Superior Court for relief therefrom. Therefore, we think that given these circumstances, the remedy provided by § 44–5–26 is inadequate at law and does not foreclose plaintiffs from seeking equitable relief.

Nevertheless, we do not believe that this is the category of case which should be left to the normal course of equitable relief as was done here. Accordingly, we choose not to address the substance of the appeal at this time, and instead we remand the case for a hearing on the merits in the Superior Court as soon as possible.

■ Our concern for the propriety of preliminary relief in this type of case focuses on the relationship between provisional relief and final adjudication upon a trial of the merits. The means by which a trial court may consider this relationship is found in Rule 65(a)(2) of the Superior Court Rules of Civil Procedure. The rule states:

"(a) Preliminary Injunction.

\*　　\*　　\*　　\*　　\*　　\*

"(2) *Hearing; Consolidation of Hearing with Trial on Merits.* An application for a preliminary injunction shall be heard on evidence or affidavits or both at the discretion of the court. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application."

The procedure under Rule 65(a)(2) is quite flexible. The matter of advancement for a hearing on the merits may be raised by the parties or on the court's own motion. However, the decision whether or not to consolidate the hearing for preliminary relief with a trial on the merits is left to the sound discretion of the trial justice. He may order consolidation and advancement in any appropriate manner as long as his order protects the parties' rights to a full hearing on the merits. *See generally* J. Moore & J. Lucas, 7 *Moore's Federal Practice* ¶ 65.04[4] at 65–68–9 (Second ed. 1980).

■ There are several grounds upon which we decide that a Rule 65(a)(2) consolidation and advancement would have been the better course to follow in this case. We are concerned with only the procedural as-

pects of the case. In ordering the remand we need not address the substantive propriety of the grant of preliminary relief.

We are of the opinion that the substantive issue in the case, the taxation of some but not all business personalty to the exclusion of nonbusiness personalty, particularly warrants consolidation of an application for a preliminary injunction with a full hearing on the merits. The issue involves a vitally important governmental function, the raising of public revenues. Daily city and town activities and services are dependent primarily on governmental ability to raise revenue in both an efficient and a lawful manner. Because of the prime role that the public fiscal condition plays in the daily operation of cities and towns and in the lives of their residents, public fiscal matters that come to the courts deserve a decision on the merits as early as possible. Such a decision must be based on the fullest and most complete record that can be made available in the shortest possible, most efficiently used time.

Generally a hearing on preliminary injunction is quite unsatisfactory to any defendant who usually has only ten days to prepare a response to plaintiff's claims. Although there was a nineteen-day interval in this case, the docket indicates this time was occupied with several motions and objections to those motions generated by the filing of the complaint. The record reveals several additional justifications for ordering a consolidation in this case. The issue involves questions of both law and fact. These questions are both substantial and complex involving constitutional and statutory interpretation. Given the gravity of the matter, the public interest involved, and the need for as full a record as possible, the need for a prompt trial on the merits is clear.

Also the record reveals that the permanent relief that the plaintiffs seek in a final adjudication is of the same character as is the present form of preliminary relief. The factual issues now on record will also be the same and will be susceptible of complete examination at a trial on the merits. Final-

ly, consolidation in this case would have saved time and have avoided a duplicitous second trial while preserving the parties' rights. *See City of Rye, New York v. Schuler,* 355 F.Supp. 17 (S.D.N.Y.1973). The consolidation of the hearing for a preliminary injunction with a trial on the merits is generally acceptable as long as the parties are not prejudiced by a lack of notice that a full trial is about to commence. *Cooper v. Wisdom,* 440 F.Supp. 1027 (S.D.Fla.1977). There would appear to be no such notice problem in this case.

For these reasons the appeal is dismissed. The stay ordered by the trial justice will remain in force, and the case is remanded to the Superior Court for a full trial on the merits.