**Jacqueline SACCO, Individually and in Her Capacity as Executrix of the Estate of Richard Sacco**

v.

**NARRAGANSETT ELECTRIC COMPANY.**

No. 83–421–Appeal.

Supreme Court of Rhode Island.

March 12, 1986.

Keven A. McKenna, Providence, for plaintiff.

Harold B. Soloveitzik, Westerly, for defendant.

OPINION

MURRAY, Justice.

This is an appeal by the defendant, Narragansett Electric Company (Narragansett), from a Superior Court judgment entered in favor of the plaintiff, Jacqueline Sacco.[1] The court found that an easement

that the utility would be entitled to collect from its customers.

1. The original plaintiffs in this action were Edward E. and Susan M. Victoria. The Superior Court subsequently permitted Jacqueline Sacco,

in favor of the plaintiff existed over a portion of real property owned by Narragansett. On appeal, the defendant challenges the court's findings concerning the existence and location of the easement. We affirm.

Narragansett is the owner of real property, located in the town of Hopkinton, as described in a warranty deed from Karen S. Jaaskela, dated April 27, 1951, and recorded in book 44, pages 596–97, of the Hopkinton land-evidence records. The plaintiff is the owner of property described in a deed dated January 22, 1975, and recorded in book 64, page 19, of the land-evidence records of the town of Hopkinton. The relevant portions of the parties' chains of title are as follows.

In 1940 Kalle K. and Ida Taivalantti, husband and wife, acquired by deed approximately 170 acres of land in Hopkinton. This property was generally bounded on the north by Chase Hill Road and on the south by the Pawcatuck River. By deed dated December 13, 1940, and recorded in book 40, page 395, of the Hopkinton land-evidence records, the Taivalanttis conveyed a portion of their property, consisting of approximately 70 acres, to Taavi and Karen S. Jaaskela as joint tenants. The parcel was bounded on the east and north by property retained by the grantors and on the south by the Pawcatuck River. The conveyance also included

"a certain strip of land approximately twenty (20) feet in width running in a Southerly direction from the Chase Hill Road, so-called, bounded on the East by grantors' land and on the West by Opie land to the tract hereinbefore described."

The grantors expressly reserved

"to themselves and their heirs and assigns the right to use in common with the grantees herein and their heirs and assigns, a certain way or drive along the Easterly line of the tract above de-

scribed, to be used as a means of ingress and egress to and from the land of said grantors and their heirs and assigns."

In April 1951 Karen Jaaskela, as surviving joint tenant, conveyed the property, except for a certain described parcel on which her dwelling house was located, to Narragansett. The conveyance was made subject to the previously described right-of-way to and from Chase Hill Road.

An examination of plaintiff's chain of title reveals that in November 1955 Ida Taivalantti conveyed approximately 98 acres of her remaining property to William E. McGuire.[2] The deed included grant of use of the right-of-way, as created and reserved in the Taivalantti-Jaaskela conveyance.

In November 1966 Narragansett and McGuire entered into a boundary agreement defining the north-south boundary between their parcels. Subsequently, in October 1967, McGuire conveyed approximately 56.2 acres of his property to Rice Associates, Inc. Although the parcel conveyed bordered Narragansett's property, the deed made no mention of any right-of-way. Thereafter, Rice Associates conveyed the parcel to Richard F. and Jacqueline Sacco. This deed was also silent concerning the existence of any right-of-way.

In February 1976 the Saccos conveyed 1.73 acres of their property to Edward E. and Susan M. Victoria. The parcel conveyed was bounded on three sides by property retained by the grantors and on the fourth side by the Pawcatuck River. The deed included a right-of-way over Narragansett's property as a means of access to Chase Hill Road.

A dispute subsequently arose between the Victorias and Narragansett concerning the existence, nature, and location of the right-of-way. The Victorias filed a complaint in the Superior Court against the

---

in her individual capacity and as executrix of the estate of Richard Sacco, to be substituted for the Victorias as plaintiff.

2. Kalle K. Taivalantti died testate in June 1954. By will admitted to probate in August 1954, the decedent devised his interest in the property to Ida.

Saccos, alleging that the grantors had failed to provide right-of-way access to the parcel conveyed.[3] The Saccos filed a third-party complaint against Narragansett.

The Victorias subsequently instituted the instant, separate action against Narragansett seeking judicial determination of the existence, nature, and location of the easement.[4] While this action was pending, a consent judgment in favor of the Victorias was entered in C.A. No. 77–130. Thereafter, C.A. No. 80–436 and the third-party complaint in C.A. No. 77–130 were consolidated for trial.

Richard Sacco died prior to trial. By quitclaim deed the Victorias reconveyed the parcel to Jacqueline Sacco. Subsequently, Mrs. Sacco, in her individual capacity and as executrix of the estate of Richard Sacco, was substituted for the Victorias as plaintiff in the instant action.

After a consolidated hearing, the trial justice entered judgment in favor of Narragansett in C.A. No. 77–130. No appeal was taken from that judgment. In C.A. No. 80–436, judgment was entered in favor of plaintiff. Specifically, the trial justice found that plaintiff had acquired an easement-by-deed over defendant's property for the purposes of access to Chase Hill Road. The court determined this right-of-way to extend from Chase Hill Road, in a southerly direction over a paved roadway, until the intersection of the paved roadway and a dirt road. The right-of-way was found to continue along the dirt road, in an easterly direction, to the boundary of plaintiff's property.

The defendant contends that the trial justice erred in concluding that plaintiff possessed an easement-by-deed over Narragansett's property. However, it is well settled that, upon review by this court, the trial court's findings will not be disturbed unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Royer v. Royer*, 501 A.2d 739 (R.I.1985).

The trial justice's conclusion that an easement-by-deed had been created is clearly supported by the evidence. As the trial court noted, the December 1940 Taivalantti-Jaaskela conveyance contained an express reservation by the grantors of the right to use "a certain way or drive along the Easterly line of the tract [conveyed] * * * as a means of ingress and egress." The Jaaskela-Narragansett conveyance was made subject to this right-of-way.

The defendant contends that the November 1966 Narragansett-McGuire boundary agreement extinguished the right-of-way. In the agreement McGuire purported to release to Narragansett all right, title, and interest, if any, in and to the land located to the west of the boundary line. The defendant asserts that such language demonstrates that the parties intended not only to establish a definitive boundary line between their parcels but also to extinguish the easement. However, Narragansett failed to argue so below. Matters not brought to the attention of the trial justice may not be raised for the first time before this court on appeal. *Cok v. Cok*, 479 A.2d 1184 (R.I.1984).

Further, despite defendant's argument to the contrary, the trial justice's finding that an easement-by-deed existed is not inconsistent with the court's rejection of plaintiff's alternative theories that an easement had been created by prescription, estoppel, or necessity.

Narragansett also argues that the court's determination regarding the easement's location was erroneous. We disagree. The trial justice found that the easement followed an access route that existed in 1940, at the time of the Taivalantti-Jaaskela conveyance. However, the court found the Taivalantti-Jaaskela deed to be ambiguous concerning the precise location of the right-of-way. The easement created was described only as "a certain way or

---

**3.** C.A. No. 77–130.

**4.** C.A. No. 80–436.

drive along the Easterly line of [the grant-ees'] tract." Therefore, the court properly considered extrinsic evidence in order to ascertain the parties' intention. *See Thomas v. Ross*, 119 R.I. 231, 376 A.2d 1368 (1977). Such evidence included the testimony of Nate Gencarella, who testified that the present-day roadways over the defendant's property follow the route that existed in 1940. Our examination of the record reveals that the trial justice's determination regarding the easement's location was based on a careful and thoughtful analysis of the evidence before him and is clearly supported by such evidence.

For the reasons set forth above, the defendant's appeal is denied and dismissed and the judgment appealed from is affirmed. The papers in the case are remanded to the Superior Court.