**SHOVE INSURANCE, INC.**

v.

**Armando TENREIRO d.b.a. Gold Star Construction.**

**No. 94–311–Appeal.**

Supreme Court of Rhode Island.

Dec. 4, 1995.

Christine Engustian, Providence, for Plaintiff.

George Prescott, Lincoln, for Defendant.

Before: WEISBERGER, C.J., and MURRAY, LEDERBERG, BOURCIER and SHEA, JJ.

## OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant appeals from a judgment entered in favor of the plaintiff, Shove Insurance, Inc., following a jury-waived trial.

After reviewing the memoranda submitted by the parties and after hearing counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal will be decided at this time.

In this case, plaintiff agency brought suit against Armando Tenreiro (defendant) d.b.a. Gold Star Construction to recover amounts due on insurance policies obtained by defendant. In his answer, defendant alleged that he was not a proper party to the suit and

that the amount due, if any, for the policies issued was the liability of Gold Star Construction and not his personal liability. At trial an employee of plaintiff agency testified that he had issued the policies in question to defendant at defendant's request. He stated that he had sent invoices to the named defendant doing business as Gold Star Construction notifying him of the amount due. Neither defendant nor anyone else on behalf of Gold Star Construction asked him to cancel any of the policies. The policies were eventually canceled for nonpayment of premiums.

Testimony elicited from personnel of plaintiff agency established that the policies issued covered both the commercial operation of Gold Star Construction and defendant personally. The name on the policies was changed to Armando Tenreiro d.b.a. Gold Star Construction:

> "to offer protection to Armando Tenreiro who indicated to [the company agent] that some of the vehicles that we insured under Gold Star Construction were, in fact, owned and registered to Armando Tenreiro. This [was] simply a method of protecting him as well as the corporation."

The employee also testified that neither defendant nor anyone on behalf of defendant corporation asked him to change the names back. Furthermore, defendant had made a claim personally under the corporate insurance policy for an automobile accident that had occurred during an earlier coverage period, and the insurer on that policy paid the claim. The coowner of the plaintiff agency testified corroborating the employee's testimony and established that the plaintiff agency had a twenty-year association with defendant both on a personal basis and as a corporation.

The trial justice determined that the unrefuted testimony established that plaintiff and defendant did in fact have a twenty-year relationship in which it was "business as usual" to treat defendant as the named insured rather than the corporation. The trial justice also found that it was plaintiff's practice to insure defendant's private vehicles along with the corporate vehicles. Judgment was entered for plaintiff.

■ The defendant raises two issues on appeal. First, he challenges the trial justice's denial of his motion for an involuntary dismissal at the end of plaintiff's presentation of evidence made pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure. We have said that when a trial justice sitting without a jury is ruling on a defendant's Rule 41(b)(2) motion, "the trial justice may either determine the case on the record as it exists at the time the defendant files his motion or defer his [or her] judgment until both parties have completed their presentations of evidence." *J.K. Social Club v. J.K. Realty Corp.*, 448 A.2d 130, 133 (R.I.1982).

■ The rule is discretionary and allows the trial justice to defer his or her judgment until all the evidence is presented. At the time defendant moved for dismissal, the trial justice had before him an undisputed record that defendant and his corporation were one in the same. The defendant did not testify. Instead he relied on exhibits A through H, submitted on his behalf, and which exhibits the trial justice duly considered. The trial justice obviously expected that defendant would present testimony to refute the evidence that had been presented. Consequently the denial of the motion at that stage was not an abuse of discretion.

Second, defendant claims that the trial justice was clearly wrong in granting judgment for plaintiff. He argues that the real party in interest was the corporation, not himself, and cites *New England Box & Barrel Co. v. The Travelers Fire Insurance Co.*, 63 R.I. 315, 8 A.2d 805 (1939), as support.

■ It is well settled that this court will not disturb the findings of a trial justice sitting without a jury unless it can be shown that he or she overlooked or misconceived relevant and material evidence or was otherwise clearly wrong. *Cerilli v. Newport Offshore, Ltd.*, 612 A.2d 35, 39 (R.I.1992). It is our opinion that *New England Box & Barrel Co.* supports plaintiff's position rather than defendant's. In *New England Box & Barrel Co.* this court held that the insured was the individual and not the corporation he was doing business as when the policy has a "d.b.a." designation. 63 R.I. at 320–21, 8 A.2d at 807. We are of the opinion that the

trial justice's findings were fully supported by the evidence.

For all these reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.