**JACOR, INC.**

v.

**CARDI CORPORATION**

v.

**Matthew J. GILL, Jr., in his capacity as Director of the Rhode Island Department of Transportation.**

No. 95–26–Appeal.

Supreme Court of Rhode Island.

April 12, 1996.

Michael P. DeF'anti, Providence, for plaintiff.

Richard B. Wooley, Asst. Atty. General and Stephen A. Cardi, for defendant.

### OPINION

**PER CURIAM.**

This matter came before the court for oral argument on February 29, 1996, pursuant to an order directing both third-party defendant Matthew J. Gill, as director of the Rhode Island Department of Transportation (DOT), and third-party plaintiff, Cardi Corporation to appear and show cause why the third-party defendant's appeal in respect to pre-judgment interest should not be summarily sustained.[1] After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the appeal of the director of the Rhode Island Department of Transportation should be

---

1. Although Matthew J. Gill no longer serves as Director of the DOT, his name remains listed as third-party defendant.

summarily sustained in respect to the awarding of prejudgment interest.

The director had appealed from a judgment of the Superior Court in favor of Cardi Corporation (Cardi) in the sum of $306,244.66 including interest. This action has been brought against Cardi by Jacor, Inc. (Jacor), a subcontractor that sought recovery from Cardi for additional expenses and costs incurred in the sum of $191,402.66 as a result of extra work required to be performed on the repair of certain bridges because of changes in the contract unilaterally made by the director. The trial justice found that the nature of Jacor's work had been altered to Jacor's detriment as a result of inaccurate estimates made by the director. Although the action was brought against Cardi, that corporation raised no defense and simply acted as a pass-through party to transfer liability from Jacor to the director.

■ This court has held that the prejudgment-interest statute, G.L.1956 § 9–21–10, as amended by P.L.1989, ch. 555, § 2, does not apply to actions against the state pursuant to G.L.1956 § 37–13.1–1. *See Clark–Fitzpatrick, Inc./Franki Foundation Co. v. Gill,* 652 A.2d 440 (R.I.1994). In *Clark–Fitzpatrick,* as in this case, the subcontractor had brought an action against the general contractor as a pass-through claim against the state. *Id.* at 453. This court held that in those circumstances the state would not be liable for prejudgment interest. *Id.* We believe the same principles are controlling here.

■ In regard to the principal claim, we are of the opinion that the trial justice's findings of fact and conclusions of law were supported by the record. Specifically, the trial justice noted:

"It is indisputable in this case that the nature of Jacor's work did change because the requirements set forth by the defendant were simply not accurate. Jacor in formulating its bid had every right to rely upon the specifications provided and every right to expect that it would be appropriately compensated in accordance with contractual provisions."

"Generally, when one agrees to do for a fixed sum a thing possible to be performed, he'll not be excused or become entitled to additional compensation because unforeseen difficulties are encountered. * * * However, if a contractor, or in this case subcontractor, is bound to build according to plans and specifications prepared by the owner, or the contractor, that person is not responsible for the consequences of defects in the plans or specifications."

After a careful review of the evidence the trial justice concluded that Jacor was entitled to be compensated for the work it performed under the contract. We cannot say that she overlooked or misconceived relevant and material evidence or was otherwise clearly wrong. *Shove Insurance, Inc. v. Tenreiro,* 667 A.2d 532, 534 (R.I.1995); *Retirement Board of Employees' Retirement System of Providence v. City Council of Providence,* 660 A.2d 721, 724 (R.I.1995); *North Smithfield Teachers Association v. North Smithfield School Committee,* 461 A.2d 930, 934 (R.I.1983).

For the reasons stated, the appeal of the director is sustained in respect to the adding of prejudgment interest. His appeal is denied in respect to the principal award made in favor of Jacor through Cardi against the director.

SHEA and FLANDERS, JJ., not participating.