**BOARD OF GOVERNORS FOR HIGHER EDUCATION and the State of Rhode Island through its Department of Administration**

v.

**INFINITY CONSTRUCTION SERVICES, INC.**

No. 2000–469–Appeal.

Supreme Court of Rhode Island.

May 3, 2002.

Louis J. Saccoccio, Harris Weiner, Providence, for Plaintiff.

Christopher C. Whitney, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

The defendant, Infinity Construction Services, Inc. (Infinity), has appealed a permanent injunction entered by the Superior Court that has barred its arbitration action against the plaintiffs, the Board of Governors for Higher Education and the State of Rhode Island through its Department of Administration.[1] This case came before the Supreme Court for oral argument on April 8, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After hearing the oral arguments of counsel for the parties, reviewing their memoranda, and examining the record of this case, we are of the opinion that cause has not been shown, and we summarily affirm the judgment of the Superior Court.

In January 1999, plaintiffs entered into a contract (the prime contract) with Hodess Building Co., Inc. (Hodess), for the construction of the University of Rhode Island's Coastal Institute in Kingston. The prime contract included a section providing for arbitration if certain circumstances arose. Hodess entered into a subcontract with defendant for excavation work delineated in the prime contract. The defendant contended that the site conditions required substantially more excavation work than had been contemplated originally, thereby giving rise to defendant's "[b]reach of contract/differing site conditions claim" against plaintiffs.

Hodess and defendant apparently attempted to resolve their dispute by entering into a written agreement in March 2000 (liquidation agreement), in which Hodess agreed "to permit Infinity to pursue the Claim [regarding differing site conditions] directly against the Owner, in the name of Hodess, as if made by Hodess itself." In exchange for this agreement, defendant agreed to absorb all costs of pursuing the claim against plaintiffs and to discharge any obligation, as well as release all liability that Hodess might have with respect to the claim.

In May 2000, pursuant to the liquidation agreement, defendant filed a demand for arbitration with the American Arbitration Association. Although plaintiffs were not signatories to the liquidation agreement, and although defendant was not otherwise in contractual privity with plaintiffs, defendant contended that it should be able to sue plaintiffs, in Hodess's name. In so arguing, defendant relied on the terms of the liquidation agreement and cited this Court's previous acknowledgment of the so-called pass-through doctrine, which permits a general contractor who is liable to a subcontractor to bring an action against

---

1. The Rhode Island Subcontractors Association filed an *amicus curiae* memorandum.

the owner to recover on behalf of the subcontractor, in *Clark–Fitzpatrick, Inc./ Franki Foundation Co. v. Gill*, 652 A.2d 440, 449 (R.I.1994) (*Clark–Fitzpatrick, Inc.*) and *Jacor, Inc. v. Cardi Corp.*, 673 A.2d 1077, 1078 (R.I.1996) (per curiam).

Although the trial justice noted that the pass-through doctrine "might almost be taken as black letter law," he ruled that the doctrine was inapplicable to the arbitration clause of plaintiffs' prime contract with Hodess. Accordingly, he granted plaintiffs' request for a permanent injunction on defendant's arbitration request. The defendant appealed the sole issue of whether plaintiffs can be compelled to arbitrate with defendant, with whom they have no privity of contract.

■ When reviewing a trial justice's issuance of a permanent injunction, this Court will overturn the justice's findings of fact only when they are clearly wrong or when the justice has overlooked or misconceived material evidence. *Retirement Board of the Employees' Retirement System of Providence v. City Council of Providence*, 660 A.2d 721, 724 (R.I.1995). Questions of law, however, are reviewed *de novo*. *Rhode Island Depositors Economic Protection Corp. v. Bowen Court Associates*, 763 A.2d 1005, 1007 (R.I.2001).

In our opinion, the trial justice was correct in ruling that the pass-through doctrine could not properly be applied in this case. *Clark–Fitzpatrick, Inc.* and *Jacor, Inc.* are distinguishable from the facts here because in neither of those cases did subcontractors use the pass-through doctrine to avoid the formal requirement of contractual privity. In both cases, a subcontractor brought claims against the prime contractor, with whom each was in privity; the prime contractor, as a third-party plaintiff, impleaded the owner for any liability the owner might have to the prime contractor for all or part of the subcontractor-plaintiff's claim. *Jacor,*

*Inc.*, 673 A.2d at 1078; *Clark–Fitzpatrick, Inc.*, 652 A.2d at 449. The pass-through doctrine is also limited by the *Severin* doctrine, which dictates that a prime contractor cannot recover from an owner for damages incurred by a subcontractor *unless* the prime contractor is itself liable to the subcontractor for those amounts. *Clark–Fitzpatrick, Inc.*, 652 A.2d at 449 (citing *Severin v. United States*, 99 Ct.Cl. 435 (1943)); *see also Aetna Bridge Co. v. State Department of Transportation*, 795 A.2d 517, 518 (R.I.2002) (formally adopting the *Severin* doctrine).

■ Here, defendant has attempted to use the liquidation agreement to assert its claims directly against plaintiffs and, in so doing, has employed a remedy that exclusively applies to Hodess's contract with plaintiffs. We are not persuaded that such a procedure falls within the scope of the pass-through doctrine, and we decline to expand our previous holdings to include defendant's demand for arbitration in this case. To do so would unjustifiably change the allocation of risk between the parties that undertake such projects.

Furthermore, this Court has held that "[n]o one is under a duty to arbitrate unless with clear language he has agreed to do so." *Bush v. Nationwide Mutual Insurance Co.*, 448 A.2d 782, 784 (R.I. 1982). The trial justice noted this point, citing a Connecticut case with similar facts:

"Arbitration is a creature of contract and without a contractual agreement to arbitrate there can be no arbitration. * * * Even though it is the policy of the law to favor settlement of disputes by arbitration[,] * * * arbitration agreements are to be strictly construed and such agreements should not be extended by implication. * * * Accordingly, the basis for arbitration in a particular case is to be found in the written agreement between the parties. * * * Persons

thus cannot compel arbitration of a disagreement between or among parties who have not contracted to arbitrate that disagreement between or among themselves." *Wesleyan University v. Rissil Construction Associates,* 1 Conn. App. 351, 472 A.2d 23, 25 (1984). In effect, the right to settle disputes by arbitration is not an assignable right. Because plaintiffs never entered into an agreement to arbitrate with defendant, they cannot be compelled by defendant to enter into arbitration, nor can Hodess enter into an agreement that essentially assigns its own right to arbitrate an issue with plaintiffs.

Moreover, the conditions of purchase to which all state contracts are subject, and to which Hodess agreed before entering into the prime contract with the plaintiffs, included the following provision:

> "It is mutually understood and agreed that the contractor shall not assign, transfer, convey, sublet or otherwise dispose of this contract or his right, title or interest therein, or his power to execute such contract, to any other person, company or corporation, without the previous consent, in writing, of the Purchasing Agent." State of Rhode Island, Office of Purchases, *General Conditions of Purchase,* § 2(d).

This clause clearly prohibits the transfer of rights that the defendant attempted to carry out in its liquidation agreement with Hodess.

In summary, the defendant was not in privity with the plaintiffs and cannot invoke the pass-through doctrine. Therefore, the trial justice did not err in permanently enjoining the defendant from proceeding with arbitration against the plaintiffs. Accordingly, we deny and dismiss the defendant's appeal, affirm the judgment of the Superior Court, and return the papers of the case to the Superior Court.