DECISION
This matter is before the Court on Defendant Laurie Blanchard's (Blanchard) motion for a new trial pursuant to Rule 59 of the Rhode Island Superior Court Rules of Civil Procedure. Co-defendants Louis Ducharme, Patricia Ducharme, and James Ducharme (Ducharmes) object to Blanchard's motion. For the reasons set forth below, this Court denies Blanchard's motion for a new trial.
 FACTS AND TRAVEL
On March 25, 1998, Luis Lopez and Juliette Lopez (Plaintiffs) filed a civil action against Laurie Blanchard, Louis Ducharme, Patricia Ducharme, the Town of Burrillville, and various other John Does and Jane Does (Defendants), to establish (1) title to a portion of land designated as a right of way that extends along the eastern border of their property abutting the Ducharmes' property and (2) rights to an easement on a portion of land marked as a Right-of-Way on the eastern border of their property abutting Blanchard's property.
The Plaintiffs, Ducharmes, and Blanchard own adjacent lots of land in the Town of Burrillville. Running the length of the border of each lot is a parcel of land described as the "Right-of-Way" on the Tax Assessor's Map 15. Blanchard's property is comprised of two parcels of land (Parcel I and Parcel II). Parcel II consists wholly of the Right-of-Way; however, the deed to it references it as a proposed street, stating:
 "The above premises are SUBJECT TO rights of Duane Bishop, James H. Baker, and various other persons, their heirs and assigns, in and to said proposed street which extends southerly from said Centennial Street the entire length of said above premises." (Emphasis added.) (Uppercase in original.)
In 1997, Blanchard constructed a dog kennel with a chain link fence at the back of her property in the Right-of-Way obstructing the Ducharmes' use of the Right-of-Way for ingress to and egress from their property. Blanchard refused to remove the kennel despite the Ducharmes' complaint about the placement of the kennel in the Right-of-Way. The Plaintiffs and Blanchard each commissioned surveys to establish the boundaries of their properties; however, the surveys differed with regard to the width of Parcel II.
On June 26, 2003, after a non-jury trial, this Court rendered a decision declaring in pertinent part: (1) the Plaintiffs and the Ducharmes, their heirs and assigns, have an easement over Parcel II of Blanchard's property to use as an ingress and egress to their respective properties; and (2) the survey conducted by the Plaintiffs does not adequately reflect the boundary between Blanchard's and Plaintiffs' abutting lots. This Court found in favor of the Ducharmes' cross-claim against Blanchard and granted a permanent injunction ordering Blanchard to remove the dog kennel from the Right-of-Way and to refrain from further obstructing the easement on Parcel II. With respect to Blanchard's counterclaim and cross-claim, this Court declared that Blanchard's survey accurately reflects the boundaries of the three abutting lots with the exception of one boundary, where Parcel II ends and the Ducharmes' property begins. This Court found that the accurate boundary between those two lots was iron rod #1.
After the entry of judgment, Blanchard filed a timely motion for a new trial with this Court. Blanchard contends there is no easement on his property and asks this Court to reject its prior determination of the boundary line between Blanchard's property and Ducharmes' property, accepting instead her qualified survey in its entirety. The Ducharmes object to Blanchard's motion for a new trial. The Ducharmes assert that Blanchard purchased her property with full knowledge that her interest in Parcel II was subject to the rights of the Ducharmes, as successors in title to Duane Bishop and James H. Baker. The Ducharmes also assert this Court resolved the boundary line discrepancy based upon reviewing all of the evidence presented.
 STANDARD OF REVIEW
Since this matter was heard without a jury, it is controlled by Rhode Island Superior Court Civil Procedure Rule 59(a)(2), which provides:
 "New trials Amendment of Judgments. (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues. . . . (2) in an action tried without a jury, for any of the reasons for which rehearing have heretofore been granted in suits in equity in the courts of this state. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."
This rule relies upon existing law to determine the grounds upon which a motion for a new trial can be granted. Izzo v. Prudential Ins. Co. ofAmerica, 114 R.I. 224, 228, 331 A.2d 395, 397 (1975). It is a well-settled proposition today that in civil actions heard without a jury, the trial judge may review his or her own decision and "may grant a new trial only if [1] he [or she] finds a manifest error of law in the judgment previously entered or [2] if he [or she] is satisfied that the newly discovered evidence was not available at the first trial and is of sufficient importance to warrant a new trial." Town of Glocester v. LucyCorp., 422 A.2d 918, 919 (R.I. 1980) (quoting Colvin v. Goldenberg,108 R.I. 198, 208, 273 A.2d 663, 669 (1971)); accord, Gaglione v. Cardi,120 R.I. 534, 541, 388 A.2d 361, 365 (1978).
The Rhode Island Supreme Court has stressed the high standard for establishing a manifest error of law, stating,
 "For our purposes, a manifest error of law in a judgment would be one that is apparent, blatant, conspicuous, clearly evident, and easily discernible from a reading of the judgment document itself. If the error is not obvious unless one reads the underlying decision . . . the error is not a manifest error in our opinion. We also hold that reconsideration merely to relitigate old matters is not available under Rule 59(e)." American Fed'n of Teachers v. Bd. of Regents, 477 A.2d 104, 106 (R.I. 1984).
Apparent errors of law must be so manifest that they "appear on the pleadings, record, and decree, excluding the evidence." Colvin,108 R.I. 198, 207, 273 A.2d 663, 668-69 (1971).
 BLANCHARD'S MOTION FOR A NEW TRIAL
Rule 59 strictly limits the grounds upon which a motion for a new trial will be considered. Blanchard's six grounds for a new trial fail to meet the standard set forth in Rule 59. Blanchard's grounds rest upon two general foundations. The first five grounds question the trial judge's evidentiary and legal considerations supporting this Court's ruling that the Ducharmes have an easement over a portion of Blanchard's property and that Blanchard must remove the dog kennel obstructing said easement. The sixth ground disagrees with this Court's determination of the boundary line between the Ducharme and Blanchard properties. None alleges that there exists any newly discovered evidence which would warrant a new trial. Therefore, in order to prevail, Blanchard must show a manifest error in the judgment of this Court.
With regard to the easement, Blanchard asserts that the Ducharmes' rights "in and to said proposed street" are meaningless as the deed to Parcel II regards a public street that will never be constructed and was abandoned by the town. Blanchard contends the abandonment of the proposed street by the town nullifies any rights of others to it and that the Ducharmes presented no evidence of adverse possession of Parcel II. Blanchard further argues that even if Ducharme is said to have rights in the proposed street, such rights do not materialize until the street is constructed, and until such time, Blanchard should be allowed to enjoy the land she purchased until the proposed street is actually constructed. Blanchard explains that the street was proposed in the 1800s when there might have been landlocked parcels.
In opposition to Blanchard's motion for a new trial, the Ducharmes argue that the existence of the easement is demonstrated by the deed to Parcel II and by the fact that Blanchard could not obtain title insurance against claims arising out of Parcel II. The Ducharmes contend that adverse use of the street need not be established because their rights to the street are clear. The Ducharmes find the fact that the Town of Burrillville makes no claims to the proposed street irrelevant; and, in the alternative, argue that even if the town had claims to the street, such claims would not wipe out the Ducharmes' rights to it.
The Ducharmes further maintain the words, "proposed street," were and are words of description delineating what area of land the Ducharmes could use, regardless of whether a street is constructed or is abandoned. Through a comparison, the Duchmarmes stress the language in the deed to Parcel II gives them a private right to use the Right-of-Way. The Ducharmes argue that if the word "street" in the deed to Parcel II meant a public way, the Ducharmes would be entitled to the same use of the Right-of-Way as the public, and for such a right, there would be no need for or sense to specifically grant it in a deed. In addition, the Ducharmes contend Blanchard's argument requires the Court to reform Blanchard's deed to Parcel II to include words of limitation. The Ducharmes argue this limitation would specify that the Ducharmes may only cross the Right-of-Way for their egress and ingress to their property when a street is constructed on Blanchard's property by the Town of Burrillville. Such a limitation would prevent the Ducharmes from using the Right-of-Way as they have been for years. The Ducharmes insist this Court correctly determined that they may use the Right-of-Way on Parcel II as a means of ingress and egress to their property.
In determining that the Ducharmes have an easement over a portion of Blanchard's property, this Court considered testimony from James Ducharme and Juliette Lopez regarding their use of Parcel II as a means of ingress and egress to their properties over many years. This Court also heard and considered the testimony of Richard Blanchard indicating that he was unaware of the easement. In addition to testimony, this Court also reviewed the exhibits. This Court found Blanchard's deed and the certification from Blanchard's title insurance company particularly compelling. In determining the nature and extent of a right-of-way granted in express terms, a Court refers primarily to the language used in the written instrument; however, if the language is ambiguous or uncertain the Court may consider "any concomitant circumstances which have a legitimate tendency to show the intention of the parties."Waterman v. Waterman, 93 R.I. 344, 349, 175 A.2d 291, 294 (1961) (quotingGonsalves v. Da Silva, 76 R.I. 474, 477, 72 A.2d 227, 229 (1950));accord First Baptist Society v. Wetherell, 34 R.I. 155, 157-58, 82 A. 1061, 1062 (1912). This Court took into account that a search of the records of the Town of Burillville indicated neither a dedication of the proposed street nor an acceptance of the proposed street by the town. Weighing all of the evidence and examining the credibility of the witnesses, this Court determined that Blanchard took title to Parcel II subject to the easement of the Plaintiffs and the Ducharmes, and that Blanchard is precluded from erecting any structure that will prevent the parties' use of the easement.
In making its determination of the boundary line, the Court considered and weighed all of the evidence and testimony. The Court reviewed and evaluated the surveys commissioned by the Plaintiffs and Blanchard, as well as the original deeds to the properties. In addition, the Court considered and weighed testimony from Richard Blanchard, Juliette Lopez, James Ducharme, and two surveyors. After a careful and balanced examination of the record and testimony regarding the boundary lines, this Court found that the survey commissioned by Blanchard most accurately reflected the true boundaries of the properties in this matter with one particular exception. In determining the precise location of an easement, where the language describing the location of an easement in a deed is ambiguous, a court may consider extrinsic evidence. Sacco v.Narragansett Elec. Co., 505 A.2d 1153, 1155-56 (R.I. 1986). Such evidence includes oral testimony, which the judge may choose to accept or reject. Id. at 1156. See also Waterman v. Waterman, 93 R.I. 344, 350-53,175 A.2d 291, 294-95 (1961) (determining the exact location of an express right-of-way relying upon oral testimony while rejecting other oral testimony as being without substantial probative value). As to most of the boundaries, this Court found John Messinger's testimony was less speculative and more thorough than that of Derek Evans and the boundaries on which he relied were more faithful to the description in the original deeds. With regard to the width of Parcel II, however, this Court found that rod #1 should be the landmark as the true northeastern boundary of Blanchard's property because it is truer to the description of the Ducharmes' deed and it is consistent with the persuasive testimony regarding the Ducharmes' use of the property.
After a careful review of the pleadings, record, and decision in this case, this Court, with regard to its decision, can find no error of law, manifest or otherwise warranting a new trial. This Court's decision, based upon all of the facts and observation of all the witnesses, was well reasoned. Eagle Electric Co. Inc. v. Raymond Construction Co.,Inc., 420 A.2d 60, 64 (R.I. 1980); Rowell v. Kaplan, 103 R.I. 60, 69,235 A.2d 91, 96 (1967). The controlling factual and legal issues were addressed and resolved. J.W.A. Realty, Inc. v. City of Cranston,121 R.I. 374, 384, 399 A.2d 479, 484-85 (1979).
 CONCLUSION
Finding no manifest error of law in its judgment and no requisite newly discovered evidence, this Court denies Defendant Blanchard's motion for a new trial. An order in conformance herewith shall be submitted by counsel.