**Eliza RICHARDS et al.**

v.

**Yakub HALDER et al.**

No. 2003–380–Appeal.

Supreme Court of Rhode Island.

June 15, 2004.

---

Teresa M. Quinn, Esq., for Plaintiff.

Frederick A. Costello, Esq., Warwick, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, and SUTTELL, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on March 9, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.

After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The defendants, Yakub Halder (Halder), Salima Halder and Parvez Halder (defendants), appeal from a permanent injunction issued by a justice of the Superior Court restraining defendants from driving across or parking upon a right-of-way through property owned by the plaintiffs, Eliza Richards and Raul Aguilar (plaintiffs). The plaintiffs' residence at 29 Tenth Street is directly in front of defendants' home at 29½ Tenth Street.[1] The defendants' residence has no direct access to the street. The only issue before this Court is the extent of defendants' right of way over plaintiffs' property.

On July 7, 1948, the previous owner of 29 Tenth Street conveyed to defendants' predecessor in title, property identified as 29½ Tenth Street together with two easements across 29 Tenth Street; an easement to pass over 29 Tenth Street and an easement for sewer and water access. The easement language of the deed pertinent to this appeal provides:

"Together with the right of way *over* and *across* the following described parcel. Beginning at a point in the southwesterly side of Tenth Street at the northerly corner of said Lot No. 15 on said plat; thence southwesterly bounding northwesterly on land now or lately of Edward H. Allen fifty five (55) feet to a corner; thence southeasterly bounding southwesterly on the parcel hereinabove described eight (8) feet to a corner; thence northeasterly in a line parallel with and distant eight (8) feet southeasterly from the northwesterly line of Lot No. 15 (fifteen) fifty five (55) feet to

Tenth Street; thence northwesterly bounding northeasterly on Tenth Street eight (8) feet to the point of beginning." (Emphases added.)

After this conveyance, the owners of 29½ Tenth Street used the right-of-way only for foot travel, and made suitable arrangements to park their vehicles elsewhere.

In 1995, defendants purchased 29½ Tenth Street for $42,500. Saul Spitz (Spitz), the realtor who handled the sale, testified that he had a difficult time selling the house because there was no parking available on lot 94. A house with parking in that neighborhood would have sold for $70,000 to $75,000. Spitz informed Halder "that the driveway belonged to the front house, and [defendants] could cross over it, walk over it."

After moving into 29½ Tenth Street, defendants traveled across the right-of-way primarily on foot. Although defendants occasionally drove onto the right-of-way to remove items from their vehicle, this activity was brief and temporary. The defendants parked their vehicles either in their rented parking space or on the street. Unhappy with this arrangement, Halder sought permission from Richard and Carol Williams (the Williamses), who then owned 29 Tenth Street, to rent a parking space in the right-of-way. The Williamses repeatedly denied Halder's requests.

In 2001, after being informed by a friend that the right-of-way in his deed was a general easement with no restrictions, Halder hired a land surveyor. The survey indicated that the metes and bounds of the right-of-way in Halder's deed were the same size as the driveway at 29 Tenth Street. In September 2001, Halder gave the Williamses written notice to cease and desist from blocking defendants' use of the

---

1. The land upon which 29 and 29½ Tenth Street are located is City of Providence Assessor's plat 91, lot 94. Lot 94 is forty feet wide and ninety feet long and is largely occupied by two houses.

right-of-way to park their vehicles. The Williams' involvement, however, ended in November 2001, when they conveyed 29 Tenth Street to plaintiffs for $145,000.

On November 14, 2001, Halder also sent a letter to Spitz, informing him of the results of the survey and asking him to inform plaintiffs that "we will not allow trespassing and parking on the right of way or other property belonging to 29½ Tenth Street." At some point between the Williams' exit from 29 Tenth Street and plaintiffs' arrival, defendants began parking their vehicles in the right-of-way. From the day that plaintiffs moved into 29 Tenth Street, the parties continually have been in conflict over the extent of defendants' use of the right-of-way.

The plaintiffs filed an application for a temporary restraining order and a complaint for injunctive relief from defendants' continuing trespass. On July 3, 2002, after hearing oral arguments and testimony from Halder, the hearing justice issued a temporary restraining order and barred defendants from driving vehicles upon the right-of-way.

The parties subsequently appeared before the trial justice for a series of hearings on plaintiffs' application for a preliminary injunction. After presenting the testimony of several witnesses, plaintiffs moved to consolidate the preliminary injunction hearing with the trial on the merits of the case pursuant to Rule 65(a)(2) of the Superior Court Rules of Civil Procedure. Notwithstanding defendants' objection to the motion to consolidate, the trial justice reserved judgment on the motion and proceeded to hear evidence supporting the preliminary injunction. After two additional hearings and testimony from several witnesses about the manner in which previous owners of the property had used the right-of-way, the trial justice ended the hearings on October 18, 2002, based on his finding

that there were no significant facts in dispute. Given the language of the deed and decades of continued use of the right-of-way solely for foot traffic, the trial justice issued a permanent injunction barring defendants and their guests from using their vehicles to park upon or pass across the right-of-way on a regular basis. The injunction, however, did permit defendants reasonable access over the right-of-way for moving, deliveries, repairs and the like, upon adequate notice to plaintiffs.

On appeal, defendants assert that the trial justice improperly restricted their use of the right-of-way and violated their due process rights when he consolidated the hearing on a preliminary injunction with a hearing on the merits. We reject defendants' arguments.

■■■ "When reviewing a trial justice's issuance of a permanent injunction, this Court will overturn the justice's findings of fact only when they are clearly wrong or when the justice has overlooked or misconceived material evidence." *Board of Governors for Higher Education v. Infinity Construction Services, Inc.*, 795 A.2d 1127, 1129 (R.I.2002) (per curiam) (citing *Retirement Board of the Employees' Retirement System of Providence v. City Council of Providence*, 660 A.2d 721, 724 (R.I.1995)). "[Q]uestions of law and statutory interpretation * * * [however] are reviewed *de novo* by this Court." *Associated Builders & Contractors of Rhode Island, Inc. v. Department of Administration*, 787 A.2d 1179, 1184 (R.I.2002).

■■ The defendants argue that the 1948 deed gives them unrestricted use of the right-of-way, including the right to drive across and park upon the driveway on a daily basis. The defendants' argument centers upon their assertion that the language of the grant "is free from doubt" and, as such, "is not the subject of interpretation and no resort to extrinsic facts

and circumstances may be made to modify the clear terms of the grant." In *Waterman v. Waterman,* 93 R.I. 344, 349, 175 A.2d 291, 294 (1961), this Court explained: "[i]t is true that where in a written instrument an easement of way is granted in express terms, the nature and extent of the easement thus established is to be determined primarily from the language used in the writing, and if the terms thereof are free from uncertainty and ambiguity, oral testimony is not admissible to explain the nature or extent of the easement granted." However, we also have "repeatedly taken the sound view that when the language employed in the grant of the easement is ambiguous or uncertain, it may properly resort to a consideration of 'any concomitant circumstances which have a legitimate tendency to show the intention of the parties.'" *Id.* at 349–50, 175 A.2d at 294 (quoting *Gonsalves v. Da Silva,* 76 R.I. 474, 477, 72 A.2d 227, 229 (1950); *First Baptist Society v. Wetherell,* 34 R.I. 155, 157–58, 82 A. 1061, 1062 (1912)).

The 1948 deed refers to the easement in question as a "right-of-way" *over* and *across* the grantor's parcel, and provides no additional information about the extent of use that the grantor intended on the driveway itself nor does the easement refer to parking vehicles in the driveway, as defendants allege. Based upon the ambiguity of the grant, the trial justice properly considered oral testimony to ascertain the extent of the right-of-way under consideration. Several witnesses, including the previous owners of 29 Tenth Street, provided uncontradicted testimony that the right-of-way had been used exclusively for foot traffic. Halder testified that upon purchasing the property he understood that the right-of-way was limited to foot traffic and that he and his family constrained their use of the right-of-way accordingly.

After careful review of the record, we are unable to conclude that the trial justice overlooked or misconceived material evidence in issuing the permanent injunction. We reach this decision mindful of the unique circumstances of this case and the miniscule size of the lot in question. The only conceivable way defendants can exercise their right to traverse *over* and *across* the right-of-way is by foot—there is no room for a vehicle to enter upon defendants' property once it reaches the end of the right-of-way. There is no room to park a vehicle on defendants' property because defendants' house is at the end of the right-of-way. There is nothing in the record to suggest an intention on the part of the grantor to vest the owners of 29½ with parking privileges. A right-of-way affords the owners of the dominant estate a right to pass *over* the right-of-way, not park on it. In this case, it is impossible to drive a vehicle across the right-of-way onto defendants' property—a vehicle simply will not fit and would, of necessity, encroach upon the right-of-way. Accordingly, we agree with the decision of the trial justice that the right-of-way is limited to foot traffic.

■ The defendants also assert that the trial justice violated their right to due process when he consolidated the hearing for a preliminary injunction with a trial on the merits. According to defendants, they were prejudiced by the consolidation because they were denied a jury trial, were unable to conduct discovery and were never given an adequate opportunity to "present law to the effect that the issue of prior use is irrelevant when you have a clear, unambiguous grant."

■ Rule 65(a)(2) provides that:
"An application for a preliminary injunction shall be heard on evidence or affidavits or both at the discretion of the court. Before or after the commence-

ment of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application."

In *Oster v. Restrepo*, 448 A.2d 1268, 1270 (R.I.1982), we noted that consolidation under Rule 65(a)(2) is a flexible procedure that "may be raised by the parties or on the court's own motion." "[T]he decision whether or not to consolidate the hearing for preliminary relief with a trial on the merits is left to the sound discretion of the trial justice [who] may order consolidation and advancement in any appropriate manner as long as his order protects the parties' rights to a full hearing on the merits." *Oster*, 448 A.2d at 1270 (citing J. Moore & J. Lucas, 7 *Moore's Federal Practice* ¶ 65.04[4] at 65–68–9 (Second ed.1980)). The parties are not prejudiced if they have received adequate notice and sufficient time to prepare for consolidation and advancement. *Pucino v. Uttley*, 785 A.2d 183, 188 n. 1 (R.I.2001) (per curiam).

This case was heard by the Superior Court hearing justice on four separate hearing dates[2] before he ordered a consolidation in October 2002. After considering the testimony of several witnesses, including Halder, the trial justice found that:

"(1) The right of way * * * was created by deed in 1948 with the intention of the grantor that the right of way be used for foot travel only, with reasonable access for deliveries, repairs, movers, and the like by vehicles over the driveway at 29 Tenth Street to 29½ Tenth Street.

(2) Since the creation of the right of way in 1948, the owners of 29 Tenth Street have had full access to and have used the driveway at 29 Tenth Street.

(3) Since the creation of the right of way in 1948, the owners of 29½ Tenth Street have used the right of way over 29 Tenth Street on a daily basis for foot travel, and did not park on or drive over the driveway at 29 Tenth Street on a daily basis, but had reasonable access to such driveway for deliveries, repairs, movers, and the like."

Upon making these findings, the trial justice offered defendants the opportunity to contradict the evidence presented thus far: "I don't believe that * * * any facts of significance are in dispute. If there are any, by all means I would be happy to hear from the defendants. If they can suggest * * * in good faith * * * that the driveway was not utilized as the Williams said it was * * *. If there is contradiction, that should be brought to my attention." The defendants did not present any contradictory evidence, despite the opportunity to do so.

Although the trial justice should have declared clearly that he was consolidating the hearing on the preliminary injunction with a trial on the merits, this omission is not fatal to the resolution of this appeal. In addition to Halder's testimony at the hearing on July 2002, the trial justice also extended to the defendants a final opportunity to present contradictory evidence before issuing the injunction. The defendants failed to produce additional evidence at trial and have failed to identify any contradictory proof on appeal. As noted, this case was before the trial justice on four separate occasions before it was consolidated; we are thus satisfied that defense counsel was afforded ample time to present evidence to support his theory of the case and through oral argument. Pursuant to Rule 65(a)(2), the trial justice acted within his discretion in consolidating

---

2. The hearings took place on July 2, 2002, August 5, 2002, August 13, 2002, and September 3, 2002.

and advancing the hearing on the preliminary injunction with the trial on the merits. Accordingly, we reject the defendants' argument.

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

Justice FLAHERTY did not participate.